Mrs. Seb S. WILCOX et al., Appellants,

v.

ST. MARY'S UNIVERSITY OF SAN ANTONIO, INC., Appellee.

No. 12046.

Court of Civil Appeals of Texas, Austin.

July 18, 1973.

Rehearing Denied Aug. 8, 1973.

John W. Stayton, Jr., McGinnis, Lochridge & Kilgore, Austin, for appellants.

Patrick J. Kennedy, San Antonio, for appellee.

O'QUINN, Justice.

The principal issue controlling decision in this suit, brought initially as an action for declaratory judgment, is ownership of an extensive collection of library materials which includes an assembly of documents known as "The Laredo Archives."

Materials constituting the collections were amassed by Sebron S. Wilcox while living in Laredo, in Webb County, Texas. Wilcox died in May of 1959, and title to the collections passed by will to his surviving spouse, Stella Marie Wilcox.

In assembling the materials, Wilcox added writings of his own which he produced as a result of research and evaluation of the materials collected. Prior to his death, Wilcox indicated to his wife and to officials of St. Mary's University at San Antonio that he wished to lodge his collections with the University and upon retirement spend his remaining years working with the documents in the University library. Some materials were delivered by Wilcox to St. Mary's University during his lifetime.

Following the death of Wilcox in 1959, Mrs. Wilcox made arrangements with St. Mary's University to place the collection in the University library, and by early July of 1960 the bulk of the "Wilcox Collection" had been delivered to the University. "The Laredo Archives" followed and these documents were received by the University during the first week of September, 1960.

A public ceremony honoring Sebron S. Wilcox, at which formal presentation and acceptance of the collections were made and the collections were displayed, was held at the University on December 10, 1960. Thereafter Mrs. Wilcox continued for some time to send additional items to the University, although delivery of the collections was substantially complete with arrival of "The Laredo Archives" in September of 1960.

The University subsequently inventoried and arranged the archives in chronological order and set up an index to the documents. The archival documents, covering municipal, church, and social affairs at Laredo between 1755 and 1846, were placed in individual acid-free folders for maximum preservation, and the University constructed a fireproof vault for storing the collection. Expenditures by the University to house the archives and make them available for research exceeded $40,000 during the ten years following delivery of the collections.

In 1970 the University officials learned through the daughter and grandson of Sebron S. Wilcox that a claim was being asserted to ownership of the collections on the basis that the collections had been placed with the University as a loan in 1960 and not as a gift by Mrs. Sebron S. Wilcox. The grandson, William S. Cox, acting in the name of his grandmother, "called various people in relation to finding a purchaser for the documents" shortly before suit filed by the Attorney General of Texas.

The Attorney General, acting for the State in behalf of the Texas Library and Historical Commission, filed a petition in district court of Travis County on May 12, 1971, seeking a declaratory judgment as to the Commission's right under Article 5438, Vernon's Ann.Civ.St. "of custody and control of the 'Laredo Archives.'" The petition named as defendants "Mrs. Seb S. Wilcox [Stella Marie Wilcox], individual-

ly, and as Trustee for the Estate of Seb S. Wilcox, Deceased . . . William Sebron Cox [grandson of Mrs. Wilcox] . . . and St. Mary's University." Later, by steps not disclosed by the transcript on file in this Court, the daughter of Mrs. Wilcox, Mrs. Genevieve W. Wilcox, was made a party to the suit.

The City of Laredo filed an intervention in June of 1971 praying that title and possession of the archives be awarded the City, pursuant to an Act of the Legislature of Texas passed in 1850 transferring the archives from possession of the county clerk of Webb County to the governing body of the City of Laredo.

After answers had been filed by the individual defendants and St. Mary's University had answered, the University on September 21, 1972, moved for severance of the issues and for continuance and extension of a temporary restraining order which the trial court apparently had entered earlier in the case. The court granted the University's motion, noting that "counsel for all parties to this cause have agreed to the severance of issues, the continuance and resetting of said cause for trial and the extension of the Temporary Restraining Order."

The court set the cause for trial on its merits for October 30, 1972, "but only as to the severed issue of whether the title, whatever its character or quality, claimed by Mrs. Seb S. Wilcox, Genevieve W. Wilcox and William S. Cox in and to the subject documents became the sole and exclusive property of St. Mary's University by virtue of an unconditional and irrevocable gift of such documents to St. Mary's University in 1960."

The oral depositions of the individual defendants were taken late in September, and the depositions, together with numerous attached exhibits introduced through the deponents, were before the trial court when the severed issues were heard in October.

The University moved for partial summary judgment in October. The motion was supported by the affidavit of the University's librarian who had participated in all transactions leading to delivery of the collections and archives to the University in 1960 and had continued to the time of trial in charge of the collections at the University.

The University by amended pleadings alleged alternative theories of gift, estoppel, waiver, and laches, and interposed its affirmative plea that the claims of ownership by the individual defendants were barred by the two-year statute of limitations and that as a matter of law absolute title to the collections had become vested in the University two years after the date on which defendants' cause of action may have accrued.

The trial court heard the motion for partial summary judgment in November, and thereafter on December 14, 1972, granted the motion. The court's judgment decreed:

". . . that as against said defendants Mrs. Seb S. Wilcox, Genevieve W. Wilcox and William S. Cox [,] St. Mary's University of San Antonio, Inc. lawfully acquired and now holds absolute title to and ownership of all of that certain historical collection acquired and assembled by Seb S. Wilcox during his lifetime, commonly referred to as the 'Wilcox Collection' and consisting of documents, papers, photographs, books, newspapers, artifacts and work products of the said Seb S. Wilcox including, but not limited to, those certain documents and other historical material commonly referred to as the Laredo Archives and being the same historical collection heretofore delivered to and now in the possession of St. Mary's University . ."

The trial court incorporated in its decree the following proviso:

". . . provided, however, that nothing herein shall operate to the prejudice of either the State of Texas or the City of Laredo in their claims of title to that portion of the 'Wilcox Collection' known as the 'Laredo Archives,' said claims of title being still before this Court for adjudication."

Mrs. Seb S. Wilcox, Mrs. Genevieve W. Wilcox, and William S. Cox have appealed from this judgment and bring two points of error:

(1) ". . . Appellee failed to show the lack of fact issues as to whether Appellants made a gift of the Wilcox Collection to Appellee, whether Appellee had acquired ownership of the Wilcox Collection by adverse possession, whether Appellants are estopped to assert ownership of the Wilcox Collection and whether Appellants have waived their right to assert ownership of the Wilcox Collection;" (2) ". . . Appellee failed to show the lack of a fact issue as to whether Appellants were barred by laches from asserting ownership of the Wilcox Collection. Further, the doctrine of laches is not available to Appellee in the present case."

We will overrule the points of error and affirm judgment of the trial court.

The trial court found that ". . . *there is no genuine issue as to any material fact* and that St. Mary's University . . . is entitled to a judgment as a matter of law against said defendants, Mrs. Seb S. Wilcox, Genevieve W. Wilcox and William S. Cox." (Emphasis supplied)

We consider first the issue of adverse possession, which, found against the defendants, will render it unnecessary to reach the remaining issues.

The University pleaded that any claim or cause of action alleged by defendants for recovery from the University of the Wilcox collections would have accrued more than two years prior to filing of suit and defendants' claims were barred by the limitation of two years fixed by Article 5526, V.A.T.S. The statute provides:

"There shall be commenced and prosecuted within two years after the cause of

action shall have accrued, and not afterward, all actions or suits in court of the following description:

 \* \* \* \* \* \*

"2. Actions for detaining the personal property of another, and for converting such property to one's own use."

 Where possession of personal property is permissive from the beginning, as in this case where the Wilcox collections were voluntarily delivered by Stella Marie Wilcox to the University in 1960, title by adverse possession may not be acquired until two years after the statute limiting the period for bringing suit has been set in motion. The running of the statutory period begins when the person in possession asserts a claim of ownership and brings notice of that claim to the attention of the person who owns the personal property. Federal Electric Co. v. Johnson, 187 S.W.2d 410, 411 (Tex.Civ.App. Galveston 1945, writ dsmd.); Alexander v. Ling-Temco-Vought, Inc., 406 S.W.2d 919, 925 (Tex.Civ.App. Texarkana 1966, writ ref. n. r. e.).

After the collections had been delivered to the University, some fourteen crates of books and newspapers in 1959 and the remaining major portions in 1960, the president of the University, on October 5, 1960, wrote Mrs. Seb S. Wilcox expressing the "deep gratitude of the entire University" and stating, "St. Mary's University is aware of the *singular and precious nature of this gift* . . . ." The president concluded the letter, "Thanks again for *all you have done for St. Mary's University,* and rest assured that the students and faculty *will always remember you and your dear husband* in their prayers." (Emphasis supplied)

The director of libraries at the University about the same time wrote Mrs. Wilcox acknowledging receipt of the "Archives of Laredo" and said, *"In the name of St. Mary's University,* its faculty of scholars, and its students, may I *express sincere thanks and appreciation to you for generously bestowing such a treasure upon the University* . . . . The memory of Seb S. Wilcox *will be kept alive in the continued preservation and use of the archival material which he saved* . . . . I feel certain that he is pleased with *your generosity in fulfilling his wish* that this *treasure-house of primary research be placed in the custody of St. Mary's* and used to further scholarship . . . ." (Emphasis supplied)

After consultation with Mrs. Seb S. Wilcox and members of her family as to a convenient time for a public ceremony, the University officials arranged a memorial ceremony and an exhibition of the collections, held in San Antonio on December 10, 1960. All the appellants attended, as well as relatives and friends, and the public event was recorded and reported by the press and other news media.

Speaking on the occasion in behalf of his grandmother, William S. Cox, now one of the appellants, delivered the presentation remarks. Cox opened the presentation by saying, "It gives me great pleasure to be here for this occasion and complete my Grandfather's wishes." After tracing briefly the history of his grandfather's work in saving the archives and the 8,000 documents counted in the collection as a heritage of the people, Cox concluded, "It was in this way that the collection was gathered and studied, and *it is a great pleasure for me to present this collection to St. Mary's University Library."* (Emphasis supplied)

In response, the director of libraries at the University thanked the entire Wilcox family "for entrusting the Library to this University." The director said, "We are deeply honored by your selection or our Library as the official depository of such original sources of Texas history." He promised that the "University will continue the care and preservation of these documents," and recalled that Sebron S. Wilcox had planned to spend some time at the

University writing and publishing from his vast collection, a plan prevented by death. "What more fitting way," the director observed, "for his family to carry out his unfulfilled desire than to make this raw material available . . . for other scholars, that they might carry to completion what he was not able to do."

The director described the archives as a "continual memorial" to the man who gathered the documents, promised that the University would care for and make available, in keeping with scholarly practices, the venerable documents of the Laredo Archives. He concluded by expressing the University's thanks "for your generosity, [and] your broad vision."

The newspapers reported the ceremony as an occasion when the archives were formally presented to the University by the Wilcox family. News stories from San Antonio and Laredo papers, photographs taken at the ceremony, and transcriptions of the presentation and acceptance addresses were collected in booklet form and sent by the University within a fortnight after the affair to Mrs. Seb S. Wilcox and each of the other two appellants.

Each of the appellants, in their individual depositions, admitted receiving, reading, and understanding the newspaper articles in which the terms "papers donated", "archives given," "donated in memory" of Sebron Wilcox, and like expressions were included in the booklet the University sent shortly after the ceremony in December of 1960. The appellants concede without qualification that no written protest or objection was ever made by them to the University because the formal ceremony had been characterized as an occasion for making a gift of the archives to the University in memory of the collector. Nor did appellants object to or reject the terms used by the University officials in their earlier letters in October in which the archives were referred to as a "gift," "invaluable gift," and a "generous contributions to our Library."

■ Appellants were aware of the fact that late in 1960 the University officials considered the Wilcox collections to be a gift, donated by Mrs. Wilcox in memory of her husband, and as a contribution to the University library. The clear and explicit language of these officials, speaking for the University, were notice to Mrs. Wilcox and her family that the collections were not regarded by them as a loan, and that the University owned the collections by reason of the gift. The claim of the University was hostile to the claim of Mrs. Wilcox that she was still the owner of the collections and that she had placed them with the University merely as a loan. The statutory period of limitation began to run at the time the University's claim was imparted in unequivocal terms to Mrs. Wilcox and her family in 1960. Falls County v. Mires, 218 S.W.2d 491, 494 (Tex.Civ. App. Waco 1949, writ ref.).

■ Statutes of limitation, long a part of the laws of this state, compel a party to be active in asserting his rights and to make an assertion of claim within a reasonable time. Sherman v. Sipper, 137 Tex. 85, 152 S.W.2d 319, 320, 137 A.L.R. 263 (1941); Hallaway v. Thompson, 148 Tex. 471, 226 S.W.2d 816, 820 (1950); Gautier v. Franklin, 1 Tex. 732, 739 (1846).

■ If Mrs. Seb S. Wilcox considered delivery of the collections to the University in 1960 was purely on a loan basis, and not an outright gift in memory of her late husband, she failed to impart that belief to any University official until ten years afterwards, when, in 1970, her daughter and her grandson conferred with University officials about the archives. We find no facts or circumstances in the record to indicate that Mrs. Wilcox or the other appellants, her daughter and grandson, conveyed to the University officials their belief or intention that the Wilcox collections were a loan and not a gift to the University until some ten years after the archives were delivered in 1959 and 1960. More than the subjective mental processes of appellants is required to toll the statute. A party seek-

ing to escape the operation of the statute must have his conduct tested by the objective standard of an ordinary prudent person. Pierce v. Estate of Haverlah, 428 S. W.2d 422, 427, 428 (Tex.Civ.App. Tyler 1968, writ ref. n. r. e.).

 It is an established rule that the application of a statute of limitations may be shown upon hearing on motion for summary judgment, and when the evidence shows conclusively that the cause of action has been lost by reason of the statute, the question may be resolved unfavorably to the party against whom the statute was pleaded. The party confronted with a plea of limitations, and conclusive evidence under the plea, has the burden to justify his delay by proper proof, without which there is a complete failure to raise an issue. Birdwell v. American Bonding Company, 337 S.W.2d 120, 128 (Tex.Civ.App. Fort Worth 1960, writ ref. n. r. e., cert. den. 367 U.S. 904, 81 S.Ct. 1920, 6 L.Ed.2d 1250); Harang v. Aetna Life Insurance Company, 400 S.W.2d 810, 813 (Tex.Civ.App. Houston 1966, writ ref. n. r. e.); Pierce v. Estate of Haverlah, *supra*; Axcell v. Phillips, 473 S.W.2d 554, 558 (Tex.Civ.App. Houston 1st 1971, writ ref. n. r. e.); Mehaffey v. Barrett Mobile Home Transport, Inc., 473 S.W.2d 643, 645 (Tex.Civ.App. Fort Worth 1971, no writ).

The trial court adjudged that, as against the appellants, the University acquired and now holds absolute title to and ownership in the Wilcox collections. This is in harmony with the rule, early established in this state, that adverse possession of personal property for the period and under the circumstances prescribed by the statute of limitations not only bars an action for recovery of the property but gives title to the thing possessed and destroys the title of the former owner. Winburn v. Cochran, 9 Tex. 123, 125 (1852); Goldfrank, Frank & Co. v. Young, 64 Tex. 432, 435 (1885).

The judgment of the trial court is affirmed.