Mrs. Seb S. WILCOX et al., Petitioners,

v.

**ST. MARY'S UNIVERSITY OF SAN ANTONIO, INC., Respondent.**

No. B–4215.

Supreme Court of Texas.

Nov. 14, 1973.

Rehearing Denied Dec. 19, 1973.

McGinnis, Lochridge & Kilgore, George D. Byfield and John W. Stayton, Jr., Austin, for petitioners.

Patrick J. Kennedy, San Antonio, for respondent.

PER CURIAM.

This is a suit for declaratory judgment to determine the ownership of valuable historical documents.   The trial court granted a motion for partial summary judgment for St. Mary's University and the Court of Civil Appeals affirmed.   497 S.W.2d 782. We order the appeal dismissed, because the trial court has not rendered a final appealable judgment.

In May of 1971, the Attorney General, acting on behalf of the Texas Library and Historical Commission, filed suit against Mrs. Seb S. Wilcox, Individually, and as Trustee for the Estate of Seb S. Wilcox, Deceased, William S. Cox, and St. Mary's University of San Antonio, Texas.   Later, Mrs. Genevieve W. Wilcox was made a party to the suit.   The suit sought a declaratory judgment as to the Commission's right of custody and control of the "Laredo Archives."   The "Laredo Archives" are part of a valuable collection of historical documents which were assembled by Seb S. Wilcox during his lifetime.   In June of 1971, the City of Laredo filed a petition in intervention seeking title and possession of the "Laredo Archives."

On September 21, 1972, the trial court granted St. Mary's "Motion for Severance of Issues, for Continuance of this Cause and for an Extension of Temporary

Restraining Order heretofore granted.
. . ."

The order recites:

. . . this cause shall be tried on its merits but only as to the severed issue of whether the title, whatever its character or quality, claimed by Mrs. Seb S. Wilcox, Genevieve W. Wilcox and William S. Cox in and to the subject documents became the sole and exclusive property of St. Mary's University by virtue of an unconditional and irrevocable gift of such documents to St. Mary's University in 1960. . . .

Thereafter, on November 14, 1972, the trial court granted St. Mary's motion for partial summary judgment. The trial court incorporated the following proviso in its judgment:

. . . nothing herein shall operate to the prejudice of either the State of Texas or the City of Laredo in their claims of title to that portion of the "Wilcox Collection" known as the "Laredo Archives," said claims of title being still before this Court for adjudication.

The judgment was approved as to form by attorneys for the State of Texas, the City of Laredo, St. Mary's University, and the Wilcoxes.

The judgment from which the Wilcoxes attempted to appeal simply adjudicates part of a single cause and leaves part of the cause untried and unadjudicated. It is not an appealable judgment, and neither the Court of Civil Appeals nor this Court has any power to review the same. Hall v. City of Austin, 450 S.W.2d 836 (Tex. 1970); Cf. Continental Bus Systems, Inc. v. City of Corpus Christi, 453 S.W.2d 470 (Tex.1970).

Under Rule 483, Texas Rules of Civil Procedure, upon granting writ of error and without hearing argument in the case, we set aside the judgment of the Court of Civil Appeals and dismiss the appeal.