Mrs. Seb S. **WILCOX** et al., Appellants,

v.

**ST. MARY'S UNIVERSITY OF SAN AN-
TONIO, INC., et al., Appellees.**

No. 12265.

Court of Civil Appeals of Texas,
Austin.

March 19, 1975.

Rehearing Denied April 9, 1975.

———◆———

John W. Stayton, Jr., McGinnis, Loch-
ridge & Kilgore, Austin, for appellants.

Patrick J. Kennedy, San Antonio, John
L. Hill, Atty. Gen., Linward Shivers, Asst.
Atty. Gen., Austin, for appellees.

O'QUINN, Justice.

Appellants in this appeal and St. Mary's
University were before this Court with the
same issues in 1973 and a decision was
published in an opinion on July 18, 1973.
(497 S.W.2d 782). The trial court had or-
dered a severance of issues, but did not
sever the litigation into two separate and
independent causes. The Supreme Court,
in considering the case on application for
writ of error, held that the judgment of
the trial court was not appealable and set
aside the judgment of this Court and dis-
missed the appeal. (501 S.W.2d 875).

Subsequent to the Supreme Court's deci-
sion in 1973 the trial court heard and dis-
posed of the remaining issues which had
been severed earlier, and in a judgment,
entered October 10, 1974, finally disposed
of all parties and all issues in the cause.
It is from that judgment that this appeal
has been taken by the same parties who
appealed from the partial judgment in De-
cember of 1972.

In this appeal the cause, on joint motion
of the parties granted to advance the case
for submission on briefs and without oral
argument, is conceded by all parties to
present, " . . . issues [which]
. . . are for all material purposes
identical to the issues decided by this Court
in an earlier appeal in this cause . . .
497 S.W.2d 782 . . . " The parties
also agree that "Appellants' points of error
on this appeal, and the arguments and au-
thorities thereunder, are virtually identical
to the points of error, arguments, and au-
thorities of Appellants in the earlier ap-

peal. The same is true with respect to the briefs filed by Appellees."

The trial court, in severing the issues for separate hearing in 1972, reserved for later trial the issues of ownership of the archives as between the Wilcox interests and the interests of the State of Texas and the City of Laredo. By agreement of the parties, incorporated in the final judgment of October, 1974, title to the "Laredo Archives," as distinguished from the entire "Wilcox Collection," was awarded to the State of Texas, with "express exception and reservation . . . [that] St. Mary's University . . . retain . . . exclusive and uninterrupted perpetual right of possession of said Laredo Archives and the unlimited right to use and permit the same to be used for all reasonable historical research purposes, subject only to . . ." stipulated conditions and contingencies set out in the judgment.

The only issues therefore in this appeal are the issues between the Wilcox interests and St. Mary's University as to ownership of the Wilcox Collection, including the Laredo Archives. The trial court held in its judgment of December 14, 1972, and again in its final judgment of October 10, 1974, that "as against . . . [the Wilcox family, appellants] St. Mary's University . . . lawfully acquired and now holds absolute title to and ownership of all that certain historical collection acquired and assembled by Seb S. Wilcox . . . commonly referred to as the 'Wilcox Collection' . . . including, but not limited to, those certain documents and other historical material commonly referred to as the Laredo Archives . . ."

The facts of the case were stated by this Court in the first appeal (497 S.W.2d 783–785) and will not be repeated here. After careful re-examination of the issues and the law, we have concluded that for the reasons stated in our earlier opinion, the final judgment of the trial court should be affirmed. Because of the agreement of the parties, approved in the trial court's

judgment, there are no issues on this appeal as to title to and possession of the Laredo Archives.

The judgment of the trial court is in all things affirmed.

Affirmed.