Carl E. WILLIAMS, Appellant,

v.

HOUSTON–CITIZENS BANK AND TRUST COMPANY, Appellee.

No. 1277.

Court of Civil Appeals of Texas, Houston (14th Dist.).

Dec. 17, 1975.

Rehearing Denied Jan. 7, 1976.

Thomas G. Bousquet, Mark A. Salvato, Bousquet & McPherson, Houston, for appellant.

Jack E. Urquhart, Fulbright & Jaworski, Houston, for appellee.

TUNKS, Chief Justice.

This is a suit on a promissory note. Appellant Carl E. Williams pleaded the four-year statute of limitations. The only issue presented to the jury was whether appellee Houston-Citizens Bank had exercised due diligence to procure issuance and service of citation on appellant. The jury found due diligence had been exercised, and judgment was rendered for appellee.

The note was executed by appellant on August 29, 1967, with the maturity date of August 12, 1969. Appellant defaulted, and appellee accelerated the maturity date and demanded full payment on August 12, 1968. Appellee filed suit on July 20, 1972 to recover the remaining indebtedness, and citation was issued on August 4, 1972, eight days before expiration of the statute of limitations. The deputy sheriff testified that he was unable to serve the defendant. The citation expired unserved on November 2, 1972. On June 22, 1973, over seven months after the expiration of the first citation, citation was again issued and returned unexecuted on September 26, 1973. The deputy testified that when he attempted to serve the second citation, he learned from a neighbor that appellant had moved. His notation "moved" appears on the sheriff's return of this second citation.

On September 25, 1973, a third citation was issued. With the permission of the court, this citation was served under Tex.R. Civ.P. 106 by attaching it to the door of appellant's former residence. This occurred on September 28, 1973, thirteen and one-half months after the expiration of the statute of limitations. The defendant timely answered pursuant to that service.

The established rule is that to effectively interrupt the statute of limitations a plaintiff must continuously exercise due diligence in procuring the issuance and service of citation. *Rigo Manufacturing Company v. Thomas*, 458 S.W.2d 180, 182 (Tex.Sup.1970); *Buie v. Couch*, 126 S.W.2d 565 (Tex.Civ.App.—Waco 1939, writ ref'd).

**436**

When a defendant affirmatively pleads the defense of limitations, and when failure to timely serve the defendant is shown, the burden is on the plaintiff to explain the delay. *Wilcox v. St. Mary's University*, 497 S.W.2d 782, 788 (Tex.Civ.App.—San Antonio), *appeal dismissed*, 501 S.W.2d 875 (Tex. Sup.1973); *Selman v. Lynch*, 461 S.W.2d 452, 455 (Tex.Civ.App.—Tyler 1970, writ ref'd n. r. e.).

The record in this case shows that the statute of limitations expired ten months before the second citation was issued. The record also shows a delay of seven months and twenty days between the date the first citation was returned unserved and the date the second citation was issued. Such a delay in procuring service has been held to be negligence as a matter of law and inconsistent with due diligence. *Rigo Manufacturing Company v. Thomas*, 458 S.W.2d 180, 182 (Tex.Sup.1970), *citing Buie v. Couch*, 126 S.W.2d 565 (Tex.Civ. App.—Waco 1939, writ ref'd).

Appellee offered no explanation of the delay between issuance of the first and second citations. Appellant's uncontroverted testimony was that during that entire eight month period he resided at 1535 Potomac, which was the address listed on all three citations; that he both lived and worked at that address; and that he had not left Harris County during the time in question. The reasonableness of the plaintiff's delay in procuring issuance and service of citation is usually a question of fact, but if no explanation is offered, its reasonableness can not be factually determined. *Hutchings v. Republic Supply Company*, 295 S.W.2d 449, 455 (Tex.Civ.App.—Galveston 1956, writ ref'd n. r. e.).

Appellee relies on the case of *Beavers v. Darling*, 491 S.W.2d 711 (Tex.Civ.App.—Waco 1973, no writ). That was a summary judgment case in which the court of civil appeals refused to find that as a matter of law the plaintiff had failed to exercise due diligence because the record showed some evidence of an explanation for the delay in service of citation. The appellee here has offered no such explanation.

We hold that an unexplained delay of seven months and twenty days after the expiration of the statute of limitations is, as a matter of law, not due diligence in procuring issuance and service of citation. Appellee's suit was barred by the statute of limitations; therefore, the judgment of the trial court is reversed, and judgment is rendered that appellee take nothing.

Reversed and rendered.