Mrs. Seb S. **WILCOX** et al., Petitioners,

v.

**ST. MARY'S UNIVERSITY OF SAN ANTONIO, INC.,** et al., Respondents.

No. B–5297.

Supreme Court of Texas.

Dec. 17, 1975.

Rehearing Denied Jan. 28, 1976.

McGinnis, Lochridge & Kilgore, John W. Stayton and George D. Byfield, Austin, for petitioners.

Patrick J. Kennedy, San Antonio, W. W. Allen, Laredo, for respondents.

DANIEL, Justice.

This suit was filed by the State of Texas on behalf of the Texas Library and Historical Commission to determine the ownership of an extensive collection of historical documents known as "The Laredo Archives." The defendants were St. Mary's University and the late Sebron S. Wilcox's widow and heirs, who had presented the archives along with other documents, books, and papers (known as the Wilcox Collection) to St. Mary's in 1960. The City of Laredo inter-vened, claiming title to the Laredo Archives against all of the other parties.

Thereafter, on July 18, 1972, the City of Laredo and St. Mary's University entered into a written settlement agreement with the State whereby they quitclaimed to the State all right, title, and interest in the Laredo Archives, with care, custody, and possession to remain at St. Mary's and with microfilm copies to be furnished to the City of Laredo. Thereupon, St. Mary's moved for a severance and separate trial of the issue between it and the Wilcox defendants as to "whether the title, whatever its character and quality," claimed by the Wilcox defendants "in and to the subject documents became the sole and exclusive property of St. Mary's University by virtue of an unconditional and irrevocable gift of such documents to St. Mary's in 1960." The severance and separate trial of this issue was agreed to by all of the parties, and in such separate proceeding the trial court granted St. Mary's motion for a summary judgment against the Wilcox defendants on December 14, 1972. On appeal by the defendants, the court of civil appeals affirmed. 497 S.W.2d 782, Tex.Civ.App. Upon writ of error, this Court dismissed the appeal holding that no final appealable judgment had been rendered because it failed to dispose of the other parties. 501 S.W.2d 875, Tex. On October 10, 1974, the trial court rendered another judgment re-entering the summary judgment for St. Mary's against the Wilcox defendants and disposing of the other parties and issues in accordance with their agreement of settlement. This second judgment was affirmed by the court of civil appeals "for the reasons stated in its earlier opinion." 521 S.W.2d 157, Tex.Civ.App. Because of the failure of St. Mary's to make summary judgment proof showing that no material issues of fact exist between it and the Wilcox heirs, we reverse the judgments of the lower courts and remand the case for trial on the merits.

At the outset, it should be noted that the proceeding below and this appeal does not

deal in any manner with the claim of title asserted by the State to be superior to any claims of Sebron S. Wilcox and his heirs insofar as concerns the Laredo Archives. This part of the so-called "Wilcox Collection," which has been in the possession of St. Mary's since 1960, is entirely separate and distinguishable from the rest of the massive historical collection assembled by Mr. Wilcox. The Laredo Archives are the only documents within the "Wilcox Collection" which are claimed or sued for by the State, and they are identified in the title settlement between the State, the City of Laredo, and St. Mary's as follows:

"The historical papers and documents commonly referred to as the 'Laredo Archives' consisting of municipal records pertaining to the City of Laredo, which was founded in 1755, the earliest document bearing date of 1749 and the most recent document bearing date of 1868, such records being comprised of 3,245 documents containing a total of 13,343 pages . . . ." [Covering seventeen enumerated subjects.]

On the other hand, the severed issue of title as between St. Mary's and the Wilcox defendants relates to the entire "Wilcox Collection" which was delivered and presented by said defendants to St. Mary's in 1960, including the Laredo Archives. St. Mary's contends that the "presentation" was a gift under which it acquired whatever title the Wilcox defendants had; and if not by gift, then by limitation under its claim of ownership and possession for more than two years after any Wilcox cause of action arose. The Wilcox heirs claim that the "presentation" was a loan; that this was known to St. Mary's officials from the beginning and that they did not have notice of any claim of ownership by St. Mary's until 1970.

As indicated, the judgment below was not based upon a trial on the merits at which the parties could fully develop their respective contentions with oral testimony. Rather, it was a summary judgment based solely upon the pleadings, an affidavit of Brother Paul Novosal, Librarian at St. Mary's, in support of the summary judgment; an affidavit of Mrs. Mary Genevieve Wilcox in opposition to the summary judgment; and oral depositions of the defendants, Mrs. Sebron S. Wilcox, Mary Genevieve Wilcox, and William S. Cox, with accompanying exhibits.

From these documents it appears undisputed that Sebron S. Wilcox, long-time court reporter and historian at Laredo, discovered the "Laredo Archives" in the basement of the Webb County courthouse in 1934; that he probably saved them from destruction; that they were kept in eight metal boxes in his office at the courthouse as long as he was court reporter, and thereafter in the county clerk's office, where they were found after his death in 1959. During the intervening years, Mr. Wilcox worked with the archives, helped in the W.P.A. transcription of them, made his own notes concerning them, and added writings of his own which he produced as a result of his research and evaluation of the materials. He and his widow, Stella Marie Wilcox, apparently claimed title to the Laredo Archives by reason of a gift from the Sheriff of Webb County as custodian of the courthouse, the validity of which title is disputed by the State and the City of Laredo.

In addition, Mr. Wilcox also assembled a mass of historical writings, documents, photographs, newspapers, books, and artifacts which relate to Laredo but which were separate from the "Laredo Archives." He was an avid and capable historian and preserver of historical records and resources. Prior to his death, Mr. Wilcox indicated to his wife and to officials of St. Mary's University that he wished the University to have his collections and to spend his remaining years working with the documents in the University library. He delivered or sent some materials to St. Mary's, but any title which he held to the bulk of the collection at the time of his death in May of 1959, passed by his will to his surviving spouse, Stella Marie

Wilcox. She and her daughter, Mrs. Mary Genevieve Wilcox, began making arrangements with officials of St. Mary's to place the collection in the University library a few months after the death of Mr. Wilcox, and by September of 1960, the bulk of the collection, including the Laredo Archives, was delivered.

A public ceremony for presentation of the Wilcox Collection, honoring the memory of Sebron S. Wilcox, was held at S⁺ Mary's on December 10, 1960, at which the grandson, William S. Cox, made the presentation on behalf of Mrs. Stella Marie Wilcox. This ceremony was followed by considerable newspaper publicity referring to the "gift" or "donation" as well as letters from officials of St. Mary's to all of the Wilcox family thanking them for the "gift." According to the affidavit of the librarian, the University spent more than $40,000 housing, indexing, and preserving the collection during the ten years following delivery of the documents. For other details concerning the summary judgment proof and the manner in which the court of civil appeals arrived at its conclusion that title by limitation had been shown as a matter of law, see the court of civil appeals opinion in the first appeal. 497 S.W.2d 782. That opinion forms the basis for the judgment of the court of civil appeals in this second appeal. 521 S.W.2d 157, Tex.Civ.App.

The court of civil appeals failed to recite portions of the summary judgment proof which disputed the contentions of St. Mary's, both as to the gift and the applicability of the statute of limitations. For instance, Mrs. Stella Marie Wilcox stated in her deposition that "it was not a gift, it was a loan, and that is what I specifically told Brother Paul . . . . I told him that I was going to bring the documents and let them use them for the research of the students but I was not making them a gift, it was not a gift . . . . And the President also, I told him also . . . . They were on loan and the word loan was used over and over and over again in our conversations with Brother Novosal and the presi-

dent." Her daughter, Mary Genevieve Wilcox, stated in her deposition that she accompanied her mother at these meetings with St. Mary's officials and at the presentation ceremony and says that both she and her mother spoke in terms of a loan rather than a gift when the documents were delivered. She stated that her mother told Brother Paul, the librarian, "I am putting them up there but if I want them I'll take them back." The grandson, William S. Cox, whose efforts in 1970 to find a purchaser of the documents seems to have precipitated this lawsuit, stated in his deposition that he had heard his grandmother correct Father Buehler's use of the word "gift" at the dedication luncheon on December 10, 1960, and that she said it was only a loan but that she might some day let the school purchase the collection.

By affidavit, Mrs. Mary Genevieve Wilcox stated, "About the year 1965 my mother came on hard times and we began to talk to the officials of St. Mary's about making a final settlement of the documents and give full title to St. Mary's in return for whatever price we could agree upon." She listed subsequent negotiations on May 3, 1969, June 23, 1969, January 4, 1970, and April 9, 1970, stating that on each occasion one or more St. Mary's officials talked about a purchase of the documents. She further stated that her son, William S. Cox, was buying a house in Austin during this period; that her mother had agreed that the money from a sale of the Laredo Archives would be used to pay for the property; and that Father Blume of St. Mary's told her son's banker "that St. Mary's would probably buy the papers for approximately $50,000.00."

■ In reviewing a summary judgment record it is the duty of appellate courts to apply the following rules which are applicable to this case:

1. The movant for summary judgment (St. Mary's) has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as

a matter of law. Rule 166–A(c), Texas Rules of Civil Procedure; *Gibbs v. General Motors Corp.*, 450 S.W.2d 827 (Tex. 1970).

2. In deciding whether or not there is a disputed material fact issue precluding summary judgment, evidence favorable to the non-movant (Wilcox defendants) will be taken as true. *Cowden v. Bell*, 157 Tex. 44, 300 S.W.2d 286 (1957).

3. Every reasonable inference must be indulged in favor of the non-movants and any doubts resolved in their favor. *Hudnall v. Tyler Bank & Trust Co.*, 458 S.W.2d 183 (Tex.1970); *Gulbenkian v. Penn*, 151 Tex. 412, 252 S.W.2d 929 (1952); *Womack v. Allstate Ins. Co.*, 156 Tex. 467, 296 S.W.2d 233 (1956).

■ Applying these standards, we are compelled to hold that St. Mary's has failed to carry its burden, because the summary judgment proof reveals a genuine fact issue as to whether the delivery and presentation of the Wilcox Collection was a gift or a loan. The court of civil appeals did not reach this question. Rather, it held that St. Mary's had acquired title under the two year statute of limitations as a matter of law, even if the presentation was originally a loan. This was in error because the summary judgment proof shows a disputed fact issue as to whether St. Mary's claimed ownership of the Wilcox Collection for a two year period after putting Mrs. Stella Marie Wilcox on notice of such adverse claim. The deposition testimony about St. Mary's negotiations to purchase as late as 1965, 1969, and 1970, although well after its first two years of possession and claim of ownership, raises a fact issue as to whether St. Mary's was asserting ownership adverse to the defendants during the earlier two year period. *Bruni v. Vidaurri*, 140 Tex. 138, 166 S.W.2d 81, 88 (1942); *Warren v. Frederichs*, 83 Tex. 380, 18 S.W. 750, 751 (1892); *Nelson v. Morris*, 227 S.W.2d 586 (Tex.Civ.App. 1950, writ ref. n. r. e.). The weight, if any, to be given such evidence depends upon a full development of the facts and conditions surrounding the purchase negotiations. *Warren v. Frederichs, supra; Cuellar v. Dewitt*, 5 Tex.Civ.App. 568, 24 S.W. 671 (Tex.Civ.App.1893, writ ref.).

Accordingly, the judgments of the lower courts are reversed and the case is remanded for trial on the merits.