Henry MANNAN et ux. et al.,
Appellants,

v.

G.S.W. PETROLEUM, INC., Appellee.

No. 18190.

Court of Civil Appeals of Texas,
Fort Worth.

Jan. 31, 1980.

Rehearing Denied Feb. 28, 1980.

Maynard & Farris, and David F. Farris, Fort Worth, for appellants.

Boring & Heddon, and George W. Boring, Bedford, for appellee.

## OPINION

SPURLOCK, Justice.

This is an appeal of a summary judgment rendered against plaintiffs below in a case alleging a deceptive trade practice and common law fraud. The summary judgment evidence in this case consists of depositions from each plaintiff and an affidavit of one of the plaintiffs opposing the motion for summary judgment. The question is whether this evidence is sufficient to prove that there is no genuine issue of fact as to one or more of the essential elements of the plaintiffs' cause of action.

We reverse and remand.

In 1976, Henry and Vicki Mannan and Charlie and Juanita Baze were the operators of a Skelly service station under a lease agreement with G.S.W. Petroleum, Inc. The plaintiffs sold gasoline under a consignment agreement with G.S.W. Petroleum. It supplied the gas and paid the plaintiffs a commission of $.06 or $.07 per gallon sold.

The plaintiffs sued G.S.W. Petroleum alleging that it had fraudulently misrepresented the profitability of the operation of the gas station, and that Fred Taylor, a G.S.W. Petroleum employee, had intentionally misread the pumps and charged plaintiffs for more gasoline than had actually been sold. G.S.W. Petroleum moved for summary judgment offering as summary judgment proof the deposition of each of the plaintiffs. The plaintiffs opposed the motion offering as proof the affidavit of Mrs. Baze. The trial court granted G.S.W. Petroleum's motion and rendered a summary judgment that plaintiffs take nothing.

The Supreme Court has promulgated the following rules for appellate review of summary judgments which govern our consideration of this case:

1. The movant (G.S.W. Petroleum) has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law.

2. In deciding whether or not there is a disputed material fact issue precluding summary judgment, evidence favorable to the non-movant (Plaintiffs) will be taken as true.

3. Every reasonable inference must be indulged in favor of the non-movants and any doubts resolved in their favor. See *Wilcox v. St. Mary's University of San Antonio*, 531 S.W.2d 589 (Tex.1975).

Upon review of the summary judgment proof we find that each of the plaintiffs testified through deposition to the same basic facts found in Mrs. Baze's affidavit. These facts were that during the operation of the station by the plaintiffs, Taylor would come by the station three times a week to take pump readings. On or about March 26, 1976 Mrs. Mannan and Mrs. Baze read the meter immediately after Mr. Taylor had taken his readings. Taylor's figures were incorrect by about 59 gallons of gasoline. Upon comparison of the previous readings taken by Taylor with sales records of the station, it was discovered that in almost every instance Taylor's readings showed more gas pumped than the station sales records indicated. Plaintiffs contend this resulted in a loss to them in excess of $1,700.00.

The plaintiffs claim that this constitutes a deceptive trade practice. We conclude that the summary judgment proof offered by G.S.W. Petroleum establishes as a matter of law that the plaintiffs neither purchased gasoline nor were they consumers under the Deceptive Trade Practices-Consumer Protection Act. It is undisputed that the gasoline supplied by G.S.W. Petroleum was on a consignment basis. Thus G.S.W. Petroleum was the owner of the gas at all times until plaintiffs, as its agents, sold it to the public. Therefore, there was no purchase of gas by the plaintiffs who were sales agents and not consumers. We overrule the plaintiffs' contention that there is a genuine issue of fact as to the applicability of the Deceptive Trade Practices-Consumer Protection Act.

It is also the plaintiffs' position that G.S.W. Petroleum failed to prove absence of any genuine issue of fact as presented on their cause of action for fraud. We agree. We take as true evidence that Taylor continually misread the pumps as indicating that more gasoline was pumped than sales records of the station showed. Resolving all doubts in the favor of the plaintiffs, we conclude that G.S.W. Petroleum has not proved that there is no genuine issue of fact that such conduct was fraudulent to the detriment of the plaintiffs.

Because G.S.W. Petroleum has failed to prove that no genuine issue of fact exists with respect to the plaintiffs' cause of action for common law fraud, the trial court erred in rendering its summary judgment. The trial court's judgment is reversed and the cause is remanded for trial on the merits.