**Peter DEAN, Appellant,**

v.

**MERCHANTS PARK BANK, Appellee.**

**No. 01–83–0083–CV.**

Court of Appeals of Texas,
Houston (1st Dist.).

Aug. 4, 1983.

Larry W. Harrison, Houston, for appellant.

Cecilia Egan, Houston, for appellee.

Before JACK SMITH, BASS and COHEN, JJ.

OPINION

COHEN, Justice.

The District Court awarded a summary judgment against the appellant in his capacity as guarantor of a promissory note in the amount of $35,000.00 principal, $6,346.55 interest and $6,201.98 attorney's fees. We reverse the judgment because we find that there was a genuine issue of material fact regarding the appellant's liability.

On January 18, 1979, the appellee loaned $35,000 to Continental Title Company with personal guarantees by the appellant, Vernon Harrison, Jr., and Carl Ince. On February 20, 1980, Continental Title Company executed a second note to Merchants Park Bank for $49,000 which was not guaranteed by the appellant. The appellee moved for summary judgment asserting that the second note was a renewal and extension of the first and that there was owed upon the second note $45,817.12, plus interest of $8,308.93. The appellee's motion for summary judgment, however, only asked for $35,000 principal, plus interest. The judg-

ment was granted for $35,000, plus interest and attorney's fees.

In the appellant's opposition to the summary judgment motion, he asserted that the second note was a new and independent obligation that released and satisfied in full his obligation under the guaranty of the first note and denied that the second note was a renewal and extension of the first note. He offered the affidavit of Vernon Harrison, which stated:

In February 1980, it was agreed to and understood by Merchants Park Bank that a new loan in the amount of $49,000 would be made to Continental Title and guaranteed by Carl Ince and myself and not Peter Dean. This $49,000 loan was a consolidation of the $35,000 loan and another loan. It was my understanding and with Merchants Park Bank's full knowledge that the $49,000 loan would be a new loan to Continental Title was guaranteed by Carl Ince and myself only, payoff (sic) and release the $35,000 loan, and be secured by different collateral. Merchants Park Bank was aware that Peter Dean was not signing a guaranty of the new $49,000 loan and did make the loan secured by the guarantees of Carl Ince and myself. At no time was it my understanding that the $35,000 note was being renewed but it was my understanding that the new $49,000 loan would be used and was in fact used, to pay off and release the $35,000 loan.

Furthermore, Harrison testified that he was "aware of some monthly payments, the exact amount I am not sure of, and one or two $1,000 principal reduction payments that were made toward the Continental Title loan that it had with Merchants Park Bank in the original amount of $35,000."

The sole summary judgment proof offered by the appellee to prove that the second note was a renewal and extension was the conclusory affidavit of its president, Donald Harding, that the first note "was renewed and extended" by the second note. The first note contains what appears to be the stamped word "renewed" upon its face along with the handwritten word "re-

newed" and what appears to be the date "11–12–79" and the initials "MS." The record does not identify "MS", and we note that November of 1979 was three months before the date of the second note now alleged to be the basis of appellant's obligation. Obviously, the stamped and written words "renewed" in November, 1979, could have no reference to a note not in existence until February 20, 1980.

■ We hold that there was a genuine issue of material fact regarding whether the second note dated February 20, 1980, was a renewal and extension of the first note or whether the first note was paid off and released and therefore extinguished appellant's liability and guaranty agreement.

■ Furthermore, according to the appellee's president, the second note had been reduced by principal payments of more than $3,000. Vernon Harrison's affidavit states unequivocally that at least one $1,000 principal reduction payment was made on the first note. This created a fact issue because there was no credit of any amount applied in favor of the appellant to reduce his liability below the $35,000 face amount of the first note. Thus, a genuine issue of material fact existed as to the amount owed by the appellant, even if his liability for some amount was assumed.

The movant for summary judgment has the burden to show that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. In deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the appellant will be taken as true and every reasonable inference will be indulged in favor of the appellant and any doubts resolved in his favor. *Wilcox v. St. Mary's University of San Antonio,* 531 S.W.2d 589, 592 (Tex.1975). The appellee failed to meet this high standard. We sustain the appellant's first point of error.

The judgment is reversed and the cause remanded for trial.