**Amanda McNARY, Natural Mother and Next Friend of Danyle Alisa McNary, Appellant,**

v.

**Gwendolyn A. KHAN & Ormand C. Moore, Appellees.**

**No. 05-89-00862-CV.**

Court of Appeals of Texas, Dallas.

April 11, 1990.

Paul A. Essenburg, Dallas, for appellant.

David K. Line, Dallas, for appellees.

Before McCLUNG, KINKEADE and OVARD, JJ.

OPINION

OVARD, Justice.

Amanda McNary, the natural mother and next friend of Danyle Alisa McNary, appeals from a summary judgment, granted in favor of appellees, which held that Danyle Alisa was not entitled to inherit from her deceased alleged father, Dudley K. Kelly. McNary raises four points of error on appeal, asserting that summary judgment was improper: (1) based upon deposition excerpts which contained no authenticating affidavits; (2) because a fact issue exists regarding common law marriage; (3) because an issue of fact and law exists based upon the 1987 amendment to section 42(b) of the Texas Probate Code; and (4) because it conflicts with Texas Supreme Court case law directly on point. Because we find merit in point of error number three, we reverse the judgment of the trial court and remand the cause for a trial on the merits.

Kelly, the son of appellees, was killed in an auto accident on May 3, 1988. Thereafter, appellees filed an Application for Declaration of Heirship and for Order of No Administration, claiming that they were the sole heirs of their son. McNary, a girlfriend of Kelly, claims that a daughter born to her, Danyle Alisa, was fathered by Kelly. Because Kelly died without leaving a will, McNary contends that her daughter has a claim to a portion of Kelly's estate pursuant to the law in intestate distribution. Appellees filed a motion for summary judgment, which the trial court granted, and this appeal ensued.

Before addressing the merits of McNary's third point of error, we initially note that appellees prevailed at the trial level based upon their motion for summary judgment. In reviewing a motion for sum-

mary judgment on appeal, we are bound by the following rules: (1) a movant for summary judgment has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law; (2) in deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the nonmovant will be taken as true; and (3) every reasonable inference must be indulged in favor of the nonmovant and any doubts resolved in its favor. *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548–49 (Tex.1985); *Montgomery v. Kennedy*, 669 S.W.2d 309, 310–11 (Tex.1984); *Wilcox v. St. Mary's Univ.*, 531 S.W.2d 589, 592–93 (Tex.1975); Tex.R.Civ.P. 166a(c).

In her third point of error, McNary contends that the trial court erroneously rendered summary judgment, based partially upon section 42(b) of the Texas Probate Code, without considering the 1987 amendment to that section. The amendment to that section, in addition to altering existing language, added, in pertinent part, the following language:

> A person claiming to be a biological child of the decedent, who is not otherwise presumed to be a child of the decedent, ... may petition the probate court for a determination of right of inheritance. If the court finds by clear and convincing evidence that the purported father was the biological father of the child, the child is treated as any other child of the decedent for the purpose of inheritance and he and his issue may inherit from his paternal kindred, both descendants, ascendants, and collaterals in all degrees, and they may inherit from him and his issue.

Tex.Prob.Code Ann. § 42(b)(1) (Vernon Supp.1990). It is also interesting to note that the title of section 42 has been changed from "Inheritance Rights of Legitimate Children" to "Inheritance Rights of Children." *See* Tex.Prob.Code Ann. § 42(b) (Vernon 1980 and Vernon Supp.1990). This change in the section title is consistent with the statutory change affording illegitimate children greater inheritance opportunities in probate proceedings.

Interpreting the 1987 amendment to section 42(b), the Texas Supreme Court has stated, "This amendment to the Probate Code shows that the legislature recognizes that illegitimate children should not be punished for circumstances in which they were born." *Brown v. Edwards Transfer Co., Inc.*, 764 S.W.2d 220, 223 (Tex.1988); *see also Garza v. Maverick Market, Inc.*, 768 S.W.2d 273, 277 (Tex.1989) (Spears, J., dissenting) (noting effect of 1987 amendment to section 42(b) of Probate Code); *Henson v. Jarmon*, 758 S.W.2d 368, 369–71 (Tex.App.—Tyler 1988, no writ) (retroactively applying amended section 42(b)).

In addition, the appellate record contains evidence raising a fact issue as to paternity, thus rendering summary judgment improper. Specifically, the properly authenticated excerpts of McNary's deposition reveal that: (1) McNary contends that Kelly was the father of Danyle Alisa (2) McNary and Kelly lived together prior to Danyle Alisa's birth; (3) Kelly kept the child, independent from his mother, for extended periods after the child's birth; (4) he never denied that the child was his; (5) he periodically supported the child with money and necessities; (6) Gwendolyn Kahn, appellee and Kelly's mother, kept the child for extended periods of time at her own request; (7) the child was four years old when Kelly stopped keeping her and six years old when he ceased providing support; and (8) the support provided by Kelly was unsolicited.

When viewing the aforementioned evidence, the 1987 amendment to section 42(b) of the Texas Probate Code, as well as the inferences and presumptions which inure to the benefit of a summary judgment nonmovant, we hold that a genuine issue of material fact exists as to whether Kelly was Danyle Alisa's biological father, and that appellees are not entitled to judgment as a matter of law. *Nixon*, 690 S.W.2d at 548–49; Tex.R.Civ.P. 166a(c). Therefore, we sustain McNary's third point of error. Because of our disposition of the case, points of error one, two, and four need not be addressed.

The trial court's judgment is reversed and the cause is remanded for a trial on the merits.