Earl Stephen WILSON, Trustee for the Kristilea Wilson Trust and the John Walter Wilson Trust, and Patsy Luther Cantrell and Jan Luther Johnson, Trustees for the Jan Luther Johnson Trust, the Patsy Luther Cantrell Trust and the Luther Grandchildren's Trust, Appellants,

v.

CINEMARK CORPORATION, Appellee.

No. 2–92–088–CV.

Court of Appeals of Texas, Fort Worth.

July 27, 1993.

Cantey & Hanger, L.L.P., Ralph H. Duggins, Edmond L. Bradshaw, Fort Worth, for appellants.

Jackson & Walker, L.L.P., Jack Pew, Jr., Fort Worth, for appellee.

Before HILL, C.J., and FARRIS and HICKS, JJ.

## OPINION

HILL, Chief Justice.

Earl Stephen Wilson, Trustee for the Kristilea Wilson Trust and the John Walter Wilson Trust; and Patsy Luther Cantrell and Jan Luther Johnson, Trustees for the Jan Luther Johnson Trust, the Patsy Luther Cantrell Trust and the Luther Grandchildren's Trust, appeal the granting of a summary judgment to Cinemark Corporation, the appellee, that the appellants take nothing in their suit against Cinemark. The appellants contend in five points of error that the trial court erred in granting Cinemark's motion for summary judgment.

We reverse and remand because we hold that there is a material fact issue with respect to the appellants' action against Cinemark based upon nuisance.

Over the years many of the patrons of the Ridglea Theater in west Fort Worth have parked on the parking lot of an adjacent shopping center rather than in the lot provided by the theater. The theater's lot is behind the theater on the other side of the building from where Cinemark maintained its box office location. The issue here is whether Cinemark, the owner and operator of the theater at the time of this suit, has established as a matter of law that it has no liability to the appellants, who are the owners of the adjacent shopping center, and that the appellants as a matter of law are not entitled to an injunction against Cinemark.

We must determine whether Cinemark has shown that there exists no genuine issue of material fact and that it is entitled to judgment as a matter of law. *City of Houston v. Clear Creek Basin Auth.,* 589 S.W.2d 671, 678 (Tex.1979).

The appellants brought suit against Cinemark and others. In their petition, the appellants alleged that the problems with theater patrons parking on their property had begun in and around 1980, prior to Cinemark's having any interest in the theater. They asserted that an agreement had been reached with Cinemark's predecessor for the hiring of off-duty police officers at the predecessor's expense to take care of the problem, but that the problem continued after Cinemark obtained its interest in the property. They allege that the problem is a daily problem that constitutes a nuisance. Additionally, they assert that Cinemark, by accepting revenues from its patrons who have parked on the appellants' property, has encouraged, cooperated, aided, or abetted their customers in trespassing and have ratified the trespasses, creating a nuisance. The appellants allege that as a result of Cinemark's indifference, failures, encouragements, and refusals, Cinemark has been unjustly enriched by the free use of private property. The appellants sought damages and exemplary damages.

Additionally, the appellants sought an injunction based upon the likelihood that Cinemark would continue to remain indifferent; would fail to do what is right; would refuse to address the problem; and would encourage, aid, or abet continued trespassing by Cinemark's customers. The appellants also sought the injunction because of the difficulty of ascertaining future damages. The appellants wished to enjoin Cinemark and Cinemark's customers from trespassing upon their property and ordering at its sole cost and expense to take such steps as are necessary to provide Cinemark's customers with sufficient parking and to prevent the continuing trespass upon their property by Cinemark and its customers.

Cinemark alleged in its motion for summary judgment that no genuine issue of material fact existed as to each of the appellants' causes of action and that at least one element of each of the causes of action is established conclusively against them.

The appellants insist that there are genuine issues of material fact with reference to their claims that Cinemark caused a nuisance, that it knowingly accepted unjust enrichment, and that it encouraged the trespasses of its patrons on their property.

We will affirm the summary judgment only if the record has established that the movant has shown that there are no genuine issues of material fact, and that it is entitled to judgment as a matter of law. *Wilcox v. St. Mary's University*, 531 S.W.2d 589, 592–93 (Tex.1975). In determining whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the nonmovant will be taken as true. *Id.* at 593. We must indulge every reasonable inference and resolve any doubt in favor of the nonmovant. *Id.*

■ Among other things, Cinemark contends in its motion for summary judgment that the summary judgment evidence shows as a matter of law that it did not intentionally cause any nuisance; that for there to be any liability there must be a showing of negligence on its part in the creation of any nuisance, and that the summary judgment establishes, as a matter of law, that it was not negligent in the creation of any nuisance.

■ In a case of a private nuisance caused by the overflow of patrons from a lawfully operated business establishment that interferes with the conduct of a neighboring business, equity will point out the nuisance and decree the adoption of methods calculated to eliminate or minimize the injurious features. *Tushbant v. Greenfield's, Inc.*, 308 Mich. 626, 14 N.W.2d 520, 521 (1944); *see also Shamhart v. Morrison Cafeteria Co.*, 159 Fla. 629, 32 So.2d 727, 728 (1947). An Indiana Court of Appeals has held that a business may be liable for the acts of its customers or others if acts by them upon the business property or in going to or leaving it obstruct a neighbor's use of his property. *Sherk v. Indiana Waste Systems, Inc.*, 495 N.E.2d 815, 818 (Ind.App.—4th Dist.1986, no writ).

The summary judgment evidence shows that such a private nuisance exists in this case. It was incumbent upon the court to determine whether any reasonable efforts by Cinemark would be effective in preventing the problems caused to the appellants by the overflow parking by Cinemark's patrons. By granting summary judgment to Cinemark, the trial court necessarily held that Cinemark showed that it was doing or was offering to do everything that it reasonably could, as a matter of law, to prevent its customers from parking on the appellants' property.

■ There was summary judgment evidence that showed that Cinemark had done certain things to abate the nuisance and that there were other things that it had offered to do, but that its offer to do those things had been refused. For example, there is summary judgment testimony that Cinemark improved its own lot, posted signs directing its patrons to its own lot, and offered to use its personnel to assist the appellants in patrolling their parking lot during heavy theater attendance.

However, there is also summary judgment evidence that Cinemark did not provide security personnel to assist in directing its customers away from the appellants' lot, and that Cinemark would only post a sign warning its customers not to park on their property when the theater realized someone was watching or complaining. Based upon this summary judgment evidence, we hold that Cinemark did not meet its burden to show, as a matter of law, that it has done everything reasonable under the circumstances to abate the nuisance caused by its patrons parking on the appellants' property.

■ Cinemark alleged in its motion for summary judgment that the appellants are not entitled to injunctive relief because they have an adequate remedy at law and because they have failed to show the existence of an irreparable injury. Although the appellants challenged that assertion in their response to the motion for summary judgment, they have made no mention of it in their brief before this court on appeal. Consequently, we hold that any error with respect to the trial court's grant of summary judgment denying injunctive relief has been waived. *See Lenhard v. Butler*, 745 S.W.2d 101, 106 (Tex.App.—Fort Worth 1988, writ denied). We therefore overrule the appellants' points of error as they might relate to the trial court's denial of

injunctive relief. However, we sustain points of error numbers one, two, four, and five as they relate to damages based upon nuisance.

■ Cinemark urges that the summary judgment evidence supports a take-nothing judgment for it in connection with the unjust enrichment portion of the appellants' case, as well as that portion dealing with the aiding and abetting of trespassers.

The Texas Supreme Court has held that a party may recover under the unjust enrichment theory when one person has obtained a benefit from another by fraud, duress, or the taking of an undue advantage. *Heldenfels Bros. v. City of Corpus Christi*, 832 S.W.2d 39, 41 (Tex.1992). Cinemark has presented summary judgment evidence that shows that it did not obtain any benefit from the appellants by fraud, duress, or the taking of an undue advantage, and the summary judgment evidence developed by the appellants is consistent with the trial court's finding that there is no material fact issue as to this theory.

Additionally, Cinemark has presented summary judgment evidence that it has not encouraged, aided, or abetted its patrons in parking on the appellants' property, and, again, the appellants' summary judgment evidence is consistent with the trial court's finding that there is no material fact issue as to that theory. We overrule point of error number three and any others as they relate to the theories of unjust enrichment or to the aiding or abetting of a trespass.

We reverse the judgment and remand this cause for trial on the issue of liability based upon the appellants' pleadings of nuisance.