NUMBER 13-99-463-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI


___________________________________________________________________


ANTHONY WALTON
, Appellant,


v.



DOLGENCORP OF TEXAS, INC., 

D/B/A DOLLAR GENERAL STORES
, Appellee.

___________________________________________________________________


On appeal from the 130th District Court


of Matagorda County, Texas.


___________________________________________________________________


O P I N I O N



Before Chief Justice Seerden and Justices Dorsey and

Rodriguez

Opinion by Justice Dorsey



 Anthony Walton appeals from a summary judgment for
Dolgencorp of Texas, Inc. d/b/a Dollar General Stores (Dolgencorp) on
the basis of limitations. The issue is whether he used due diligence in
obtaining service on Dolgencorp. We affirm. 

 On November 26, 1997, Walton sued Dolgencorp for negligence,
alleging that on December 5, 1995 he was injured on its premises. 
Dolgencorp moved for summary judgment, asserting that the two-year
limitations period barred the suit. It asserted that Walton did not use
due diligence in effecting service of process because it was not served
until August 20, 1998, almost nine months after suit was filed.

 Walton filed a response, asserting that he used due diligence
because he timely served Dolgencorp by certified mail on December 8,
1997. Attached to the response is a copy of a certified mail receipt to
CT Corporate Systems. The date of delivery is December 8, 1997. The
sender's name and address are not shown, and there is no other
evidence concerning the receipt. No summary judgment evidence
accompanied the response such as affidavits or interrogatory
responses. See Tex. R. Civ. P.166a(c).

Analysis


 A two-year statute of limitations governs Walton's claim. Tex. Civ.
Prac. & Rem. Code Ann. § 16.003 (Vernon Supp. 2000). To bring suit
within the two-year limitations period under section 16.003 a plaintiff
must not only file suit within the limitations period, but must also use
diligence to have the defendant served with process. Gant v. DeLeon,
786 S.W.2d 259, 260 (Tex. 1990). When a plaintiff files a petition
within the limitations period, but does not serve the defendant until
after the statutory period has expired, the date of service relates back
to the date of filing if the plaintiff exercised diligence in effecting service. 
Id. To obtain summary judgment on the grounds that an action was
not served within the applicable limitations period the movant must
show that as a matter of law diligence was not used to effectuate
service. Id.

 Dolgencorp was not served until August 20, 1998, about eight
and one-half months after expiration of limitations and almost nine
months after suit was filed. The record is void of any evidence showing
that Walton used due diligence in issuing service of citation, and there
is no explanation for the delay in obtaining service. Texas courts have
held that due diligence was lacking as a matter of law based on
unexplained lapses of shorter duration. See, e.g., Hansler v. Mainka,
807 S.W.2d 3, 5 (Tex. App.--Corpus Christi 1991, no writ) (unexplained,
five-month delay after expiration of limitations is, as a matter of law, not
due diligence in procuring issuance and service of citation); Allen v.
Bentley Laboratories, Inc., 538 S.W.2d 857 (Tex. Civ. App.--San Antonio
1976, writ ref'd n.r.e.) (six months between filing and service); Williams
v. Houston-Citizens Bank & Trust Co., 531 S.W.2d 434 (Tex. Civ.
App.--Houston [14th Dist.] 1975, writ ref'd n.r.e.) (7 2/3 months
between expiration of first citation and issuance of second citation). We
hold that an unexplained delay of almost nine months in obtaining
service on Dolgencorp establishes failure to use diligence as a matter of
law. Accordingly limitations barred the suit. We affirm.


 ______________________________

 J. BONNER DORSEY,

 Justice


Do not publish
.

Tex. R. App. P. 47.3(b).

Opinion delivered and filed

this 26th day of October, 2000.