Dismissed and Memorandum Opinion filed November 16, 2006








Dismissed
and Memorandum Opinion filed November 16, 2006.

                                                                                                                                                            

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-06-00925-CV

____________

 

CAPITOL TOYS, INC., TOY MAKER,
INC., 

AVIATION DYNAMICS, INC., and BRETT
SALTER, Appellants

 

V.

 

RODIKA SALTER, Appellee

 



 

On Appeal from the
189th District Court

Harris County, Texas

Trial Court Cause No.
2005-64898

 



 

M E M O R A N D U M   O P I N I O N

This is an attempted appeal from an order denying a motion
to vacate a foreign judgment signed August 14, 2006.  Appellants= notice of appeal
was filed September 12, 2006.  








Ordinarily, a debtor may appeal the denial of a motion to
vacate a judgment in a proceeding to enforce a foreign judgment under the
Uniform Enforcement of Foreign Judgments Act because a judgment remains in
place.  See, e.g., Cash Register Sales and Servs. of Houston, Inc. v.
Copelco Capital, Inc., 62 S.W.3d 278 (Tex. App.CHouston [1st Dist.] 2001, no pet.). 
With certain exceptions, however, an appeal may be taken only from a final
judgment or order.  Lehmann v. Har‑Con Corp., 39 S.W.3d 191, 195
(Tex. 2001).  A judgment or order is final for purposes of appeal if it
disposes of all parties and all issues in a case, so that no further action is
required by the trial court, except as necessary to carry out the decree.  Id. 
The trial court=s order in this case specifically reserved
for further consideration all other pending issues, counterclaims, and
defenses.  Therefore, the order is interlocutory.  See Wilcox v. St. Mary=s Univ. of San
Antonio, Inc., 501 S.W.2d 875, 876 (Tex. 1973) (holding that judgment or order
that expressly reserves issue for later adjudication is interlocutory).  We
find no statutory authority for an interlocutory appeal of this type of order. 
To the contrary, a district court order confirming registration of a foreign
child support order, but expressly declining to rule on the order=s enforceability,
is not final and appealable.  Cowan v. Moreno, 903 S.W.2d 119, 124 (Tex.
App.CAustin 1995, no pet.).  

On October 25, 2006, notification was transmitted to all
parties of the court=s intention to dismiss the appeal for want
of jurisdiction.  See Tex. R.
App. P. 42.3(a).  The court specifically requested to be provided with
any authority permitting an interlocutory appeal of this order.  Appellants
filed no response.

Accordingly, the appeal is ordered dismissed for want of
jurisdiction.

 

PER CURIAM

 

Judgment rendered and Memorandum
Opinion filed November 16, 2006.

Panel consists of Chief Justice
Hedges and Justices Yates and Seymore.