## P. BRADY v. HIDALGO COUNTY WATER CONTROL & IMPROVEMENT DISTRICT NO. 12 ET AL.

No. 6474. Decided March 25, 1936.
(91 S. W., 2d Series, 1058.)

*Brown & Bader,* of Edinburg, for plaintiff in error Brady.

The Court of Civil Appeals having found the facts which they did should have rendered rather than have remanded the judgment. Sovereign Camp W. O. W. v. Patton, 295 S. W., 913; Thompson v. Eanes, 32 Texas, 191; Hays-Sammons Hardware Co. v. Saner, 296 S. W., 927.

*D. W. Glasscock,* of Mercedes, and *West & Hightower,* of Brownsville, for defendant in error.

With the facts being as stated and indicated it is error for the Court of Civil Appeals to nevertheless hold that as a matter of law such facts and circumstances do not show a conspiracy of which plaintiff in error was a member. Vittitoe v. Junkin, 54 S. W. (2d) 166; United States v. Cassidy, 67 Fed., 698; 9 Tex. Jur., 400.

MR. JUDGE TAYLOR delivered the opinion of the Commission of Appeals, Section B.

This suit was filed by P. Brady on August 17, 1931, against Hidalgo County Water Control & Improvement District No. 12 and its then board of directors consisting of W. M. Doughty and four others. The purpose of the suit was to collect an alleged indebtedness to him on the part of the district for a salary and a small amount of expenses aggregating $13,243.33, as well as for the issuance of a writ of mandamus to compel the levy and collection of a tax to provide funds for payment thereof. Brady alleged his employment by the district on December 3, 1929, acting through its then board of directors consisting of N. L. Reyna and four others, and his services under such employment and subsequent employments until July 1, 1931.

The board of directors headed by W. N. Doughty was elected for the district to succeed the employing board, and assumed its duties about February 5, 1931. On March 21 following, the new board adopted a resolution dispensing "with the services of all employes of the district, without prejudice to said district"; and passed a motion authorizing the president "to negotiate with P. Brady for his services as tax assessor and collector for the district." It was agreed by the parties upon the trial that the new board notified Mr. Brady about May 1, 1931 that his services were no longer needed.

The pleadings of the defendants include allegations that the members of the board of directors grossly abused their discretion in employing Brady; that his employments were the re-

sult of a conspiracy to loot and defraud the district to whch he, along with the directors of the district and other persons unknown, was a party; and that the alleged indebtedness resulted from such conspiracy. The district and directors plead defensively also that the indebtedness sued on was payable exclusively out of a construction fund and that neither a construction nor maintenance fund ever existed. The jury found that the directors grossly abused their discretion in employing Brady; but that his original employment as "purchasing agent and office manager" at $400 per month, was not the result of a conspiracy to which he was a party. The jury further found that his subsequent employment by the board as "assistant general manager" and as "tax assessor and collector," respectively, were the result of such conspiracy. The last special issue submitted was answered to the effect that under all the facts and circumstances found from the evidence, Brady deserved to be paid by the district as reasonable compensation for his time and services under his employments the sum of $1,159.83. The court rendered judgment that plaintiff take nothing by his suit. The Court of Civil Appeals upon its findings that there was no evidence to support the jury finding that Brady's claims were the result of a conspiracy to which he was a party, or that the directors grossly abused their discretion in employing him as they did, reversed and remanded the case. 56 S. W. (2d) 298. The defendant district and Brady each filed an application for writ of error. The defendant district's application was granted under the veiw that the Court of Civil Appeals erred in holding as a matter of law the allegations of fraud and conspiracy had not been established.

■ After a careful consideration of the entire evidence we find ourselves in agreement with the conclusions reached by the Court of Civil Appeals. It is needless to reiterate, or add to, the all sufficient reasons stated in the opinion for its conclusions. We concur in the court's finding that upon the facts as shown by the present record the district acting through its board of directors, lawfully incurred the obligations sued upon by plaintiff. We concur also in the holding that the case was not one for rendition by the Court of Civil Appeals. The trial court made no finding in Brady's favor upon which a judgment could be entered for him, and made no finding as to the amount of such judgment in the event he was entitled to recover.

■ We have concluded the facts shown by the present record do not warrant entry of a general judgment in Brady's behalf.

It appears from the evidence that his salary and expenses under the terms of his employment were payable out of a fund to be created from the sale of construction bonds, in the absence of a maintenance fund, and he so understood when employed. Such being the contract, and the district having no maintenance fund at that time, a judgment in his favor could have provided at most for payment out of such fund.

Upon another trial under a similar state of facts judgment should be for plaintiff for such amount as accrued under his employments, and should provide for payment upon sale of the construction bonds out of the proceeds thereof.

It is apparent from what has been stated that Brady is not entitled to the issuance of a writ of mandamus to compel the levy and collection of taxes to provide for payment of a judgment in his favor. The judgment of the Court of Civil Appeals reversing and remanding the case is affirmed.

Opinion adopted by the Supreme Court March 25, 1936.