The MORRIS PLAN LIFE INSURANCE COMPANY, Appellant,

v.

Joe E. WELLS, Appellee.

No. 16593.

Court of Civil Appeals of Texas.

Fort Worth.

Feb. 5, 1965.

Kelly, Morris, Walker & Maynard, and Jearl Walker, Fort Worth, for appellant.

Jimmy Castledine, Wichita Falls, for appellee.

LANGDON, Justice.

The appellee, Joe E. Wells, purchased a $1,000.00 debenture bond on August 24, 1953, from Old Line Life Insurance Company, hereinafter referred to as Old Line, bearing interest at seven per cent. Thereafter the appellant, The Morris Plan Life Insurance Company, hereinafter referred to as The Morris Company, under authority of Articles 21.25 and 21.26 of the Insurance Code, Vol. 14A, V.A.T.S., merged with Old Line.

Before the merger the appellee was paid regularly on the due date of the debenture bond interest coupons as they were detached and sent in to Old Line. After merger the appellant refused to pay and notified appellee it would not pay on the coupons or the debenture bond itself.

Appellee sued for the past due coupons and for declaratory judgment, defining the future rights of the parties including the payment of unaccrued coupons on their due date and payment of the bond due in 1968.

The case was tried to the court without a jury. On May 20, 1964, judgment was entered ordering payment by The Morris Company of twenty (20) interest coupons on due dates upon presentation, accrued interest and payment of the debenture bond in the sum of $1,000.00 upon its presentation in 1968. Findings of fact and conclusions of law were filed by the court and judgment based upon such findings was entered.

By seven assignments the appellant contends the court erred in basing its judgment upon findings that (1) The Morris Company assumed liability on the debenture bond; (2) payment thereof was not limited to Section 4 of such bond; (3) Section 6 of the bond pledged the general credit of Old Line because as to each there was no evidence or insufficient evidence to support such findings. The seventh point questions jurisdiction of the court because the amount involved less than $500. We affirm.

The appeal involves primarily the interpretation of Sections 4 and 6 of the debenture bond which are:

"4. THIS ISSUE of debenture bonds is secured by a pledge of twenty-five (25%) per cent of the earned surplus of the Company at the end of each calendar year hereafter, as a sinking fund toward the retirement of the principal sum balance and interest of this issue.

" * * *

"6. THE COMPANY pledges its full faith and credit to all agreements herein, provided that prior to maturity these bonds shall not otherwise be construed as a liability of the Old Line Life Insurance Company."

Under the merger agreement dated August 22, 1958, The Morris Company was to issue its stock in exchange for Old Line stock in the proportion that the value of the former bears to the entire value of the latter. Under this formula The Morris Company would issue one share of its stock for each two (2) shares of Old Line and it would not issue more than 40,877 shares of its stock.

In exchange for the stock to be issued by it The Morris Company was to receive all of the assets of Old Line including all of its business in force, reserves, cash, mortgage loans, stock, bonds, automobiles, fixtures, equipment and all other items of value.

The merger agreement recited that Old Line had a premium income of approximately $49,000.00 per year and earned surplus debentures presently outstanding of approximately $26,000.00 payable out of the profits of the Company under certain specified terms and conditions. Other current obligations totalling about $9,000.00 plus were listed. The non admitted assets consisting of fixtures and equipment were valued at $10,000.00.

The findings of the trial court reflect that in 1961 The Morris Company had a special surplus fund of $66,620.25 and had a capital and unassigned surplus of $184,-402.54. Its net value was $500,000.00 according to the merger agreement.

The appellant contends that, under the provisions of § 4, supra, of the Bond, payment under its provisions is limited to available money in the sinking fund and that according to an audit of the State Insurance Department, as of April 30, 1958, Old Line was hopelessly insolvent, bankrupt and impaired and thus there is no money in the sinking fund with which to pay the bond.

This contention is in direct contradiction to recitations contained in the merger agreement signed by Mr. Morris in his capacity as President for and on behalf of Old Line and as President of The Morris Company.

We are in accord with the trial court that the purpose of Section 4 is to provide addi-

tional security and that in event Section four (4) of the bond is held to limit the payment thereof out of money in the designated fund that such section is in conflict with Section 6 of the bond pledging the general credit of Old Line thus creating an ambiguity to be resolved in favor of the bond holder. To hold otherwise would seriously jeopardize the integrity of all notes whether designated as debenture bonds or otherwise.

Section 1, Art. 21.25 of the Insurance Code, supra, one of the sections under which the merger was accomplished, provides that the procedure for, the effect of, and the rights and duties of creditors shall be governed by applicable provisions of The Business Corporation Act.

Article 5.06 of the Business Corporation Act, Vol. 3A, V.A.T.S., Section A(3) provides that upon merger the surviving corporation shall be subject to all the duties and liabilities of a corporation organized under the Act. Section A(5) provides that the surviving corporation shall be responsible for all liabilities and obligations of each of the corporations so merged or consolidated. Any claim may be prosecuted as if such merger had not occurred. Neither the rights of creditors nor any lien shall be impaired by such merger. See cases cited under these provisions of the statute. See also 33 Tex.Jur.2d 44–45, § 601, "Consolidation", to the effect that consolidation does not effect the right of any creditor of the absorbed company. See also 14 Tex.Jur.2d 605, § 509, and authorities cited under each.

■ In deciding the no evidence points this court is required to view the evidence in its most favorable light in support of the trial court's findings, considering only the evidence and the inferences which support the findings and rejecting the evidence and the inferences which are contrary to such findings.

▪ ■ From our application of this rule we are of the opinion that there is ample evidence to support the court's findings and its judgment. Based upon our review of the record as a whole we find the great weight and preponderance of the evidence supports the findings and judgment of the trial court.

■ The form of the debenture bond in question has been uniformly construed to be a promissory note. The term debenture bond ordinarily means a note or series of notes issued by a corporation on authority of its Board of Directors. It constitutes a written unconditional promise to repay money loaned to the corporation. Payment is required in the manner stipulated and no provision should qualify this promise to pay unless a contrary intent is clearly expressed by other promises. No such contrary intent was so expressed by any of the provisions of the bond in question. The appellee was entitled to rely upon the promises contained in the bond.

■ An unqualified promise to pay is unconditional although coupled with the designation of a particular fund out of which payment is to be made. Vol. 16B, Art. 5932, Section 3(1), Vernon's Ann.Tex. Civ.St. (Negotiable Instruments Act).

■ A provision designating a particular fund out of which payment is to be made is liberally construed in favor of the payee. He is not required to be satisfied from the security only. 9 Tex.Jur.2d 249, § 228.

■ The amount in controversy exceeds $1,700.00. It is comprised of $397.00 now due, some $290.00 due to be paid on the coupons, and the sum of $1,000 due July 1, 1968. The appellants have denied that any amount is due or will be due in the future. This controversy requires a declaration and interpretation of the debenture bond and for a money judgment in excess of $1,700.00. The court had jurisdiction.

All points of error are overruled and the judgment of the trial court is affirmed.