**Dr. Salvador ORTIZ, et ux., Appellants,**

v.

**Bob J. SPANN, et ux., Appellees.**

**No. 1388.**

Court of Civil Appeals of Texas, Corpus Christi.

May 10, 1979.

Rehearing Denied Aug. 30, 1979.

---

William D. Bonilla, Bonilla, Read, Bonilla & Berlanga, Inc., Corpus Christi, for appellants.

Bob J. Spann, Spann & Smith, Corpus Christi, for appellees.

## OPINION

NYE, Chief Justice.

The plaintiffs, Bob J. Spann and wife, Dorothy Spann, brought suit against their adjoining neighbors, Dr. Salvador Ortiz and wife, Jennifer Ortiz, seeking a temporary restraining order and injunction to prohibit the defendants from cutting or trimming large oak trees allegedly belonging to the plaintiffs. In addition, plaintiffs sought damages in the amount of $75,000.00. The defendants in their sworn answer contended that the trees, in their present position, constituted a trespass upon their property, and that as a matter of law, they were entitled to cut or otherwise remove overhanging branches from their property. The trial court granted the temporary restraining order and set the case for hearing on the temporary injunction. After the hearing, the trial court granted a temporary injunction. It is from this temporary interlocutory order that the defendants appeal.

At the hearing on the temporary injunction, evidence was introduced (by way of bill of exception) and arguments were heard from the parties and/or their attorneys setting forth their various contentions. At the conclusion, the trial court granted the temporary injunction stating:

"Gentlemen, I am going to grant the temporary injunction and the reason I am is because if I deny it and if the limbs are cut, that would accomplish the purpose of the suit, and I have a rather lengthy case in which it says that the Court should never deny or grant a temporary injunction where the effect would be to accomplish the object of the suit."

The defendants in their appeal contend that: 1) there was no evidence introduced during the course of the temporary injunction hearing; 2) the trial court erred in overruling the special exception to plaintiffs' petition; and 3) the trial court erred in refusing to grant the defendants their request for a mandatory injunction against the plaintiffs.

The Supreme Court of Texas stated that the review of a temporary injunction in the Court of Civil Appeals presents the only question that was before the trial court: i. e., whether the plaintiff was entitled to preserve the status quo of the subject matter of the suit pending a trial on the merits. *Brooks v. Expo Chemical Company, Inc.,* 576 S.W.2d 369 (Tex.Sup.1979).

The question of whether to grant or deny the temporary injunction that was before the trial court was presented to the court upon undisputed or agreed facts. The defendants contend that they had the absolute right of ownership to that portion of the trees that extended and protruded over and across their property: "We own this land from the bounds of the earth to the skies above." The plaintiffs, on the other hand, contend that the defendants and plaintiffs derived the title to their property from a common source and that the trees in question were located in their present position long before the defendants acquired their property from their predecessors in title. The plaintiffs' petition alleged the defense of limitations, acquiescence, estoppel, express and implied easements of the trees to remain in their present state and configuration.

The Supreme Court in *Davis v. Huey,* 571 S.W.2d 859 (Tex.Sup.1978), stated that the merits of a particular case are not present-

ed for appellate review in an appeal from an order granting or denying a temporary injunction. The review is limited strictly to a determination of whether there has been a clear abuse of discretion by the trial court in determining whether the applicant is entitled to a preservation of the status quo pending a trial on the merits.

We find, from a review of the temporary injunction record, that a genuine factual dispute exists between the parties relative to the live oak trees in question. We agree with the trial court that the temporary injunction was necessarily issued to preserve the status quo so as to prevent a possible irreparable injury to the plaintiffs if they succeed in a trial on the merits. We find that the trial court did not abuse its discretion in granting the temporary relief.

We have considered all of appellants' points of error, and they are overruled.

The judgment of the trial court is AFFIRMED.