**EMPIRE LIFE AND HOSPITAL INSURANCE COMPANY, Appellant,**

v.

**Anthony G. HARRIS, Receiver of Cattlemen's Life Insurance Company, et al., Appellees.**

**No. 13016.**

Court of Civil Appeals of Texas, Austin.

March 5, 1980.

---

E. Eugene Palmer, Austin, for appellant.

Charles E. Reagan, Jr., Austin, for Anthony G. Harris, Receiver of Cattlemen's Life Ins. Co.

Herbert Crook, Freytag, Marshall, Beneke, LaForce, Rubinstein & Stutzman, Austin, for Hill Country Life Ins. Co.

PHILLIPS, Chief Justice.

Appellant Empire Life and Hospital Insurance Company, plaintiff below, entered into an assumption reinsurance agreement with appellee Cattlemen's Life Insurance Company in 1970, whereby certain accident and health insurance policies originally issued to policyholders by appellant were ceded to and assumed by appellee.

Part of the consideration for the ceding of the policies to appellee was the issuance by appellee to appellant of appellee's debenture No. 102. The debenture provided that its payment was secured by a first and prior lien in favor of appellant on all premium income of the policies ceded in the agreement.

Appellee was placed in receivership in April, 1972. The receiver stopped making payments on the debenture in question, leaving an unpaid principal balance of $113,901.75. Appellant then filed this suit praying for a money judgment, escrow of premium income, and injunction against reinsurance of appellee Cattlemen's policies secured by premium income.

In 1978 the receiver advertised for reinsurance of appellee's business and subsequently notified appellant of a proposal by appellee Hill Country Life Insurance Company which had expressed a desire to bid on the business and had also submitted a bid.

Appellee Hill Country Life intervened in the court below and assumed the same posture as receiver, a party defendant.

After trial, the court entered judgment for appellees and entered findings of fact and conclusions of law. The court also entered an order authorizing the receiver-intervenor re-insurance treaty described above. This judgment, in effect, denied appellant's claim to proceeds from the debenture.

We affirm the judgment.

Appellant is before us on a number of points that devolve into several principal questions.

First, appellant asserts that the receiver has always had premium income with which to pay the debenture in question, a valid obligation of appellee Cattlemen's according to its terms. Appellant maintains further that the debenture, by its terms, provided for a lien against appellee Cattlemen's future premium income, and in support thereof, cites *Morris Plan Life Insurance Company v. Wells*, 387 S.W.2d 84 (Tex. Civ.App.1965, no writ). However, on oral argument, appellant agreed with appellees that inasmuch as no financing statement concerning the alleged lien was ever filed with the office of the Secretary of State, as is required by Section 9.401 of the Uniform Commercial Code, the alleged security interest was never perfected. Thus we agree with the conclusion of law filed by the trial court that "the terms of the debenture stating that it shall be payable only out of the special fund designated does not enhance the position of the holder of the debenture with respect to the 'claimants' or other creditors of Cattlemen's."[1]

---

1. When the receiver was appointed on April 24, 1972, he became a lien creditor under the provisions of Section 9.301 of the Uniform Commercial Code and any security interest Empire might have had in the premium income of Cattlemen's became subordinated to that of the

Empire contends that the receiver received ample income to satisfy the debenture. However, the record discloses that disbursements made by the receiver exceed the premium income received without taking into consideration the expenses the receiver incurred in paying the claims and otherwise servicing the policies. The court found that no fund was set aside for the payment of the debenture out of premiums received by Cattlemen's before receivership. The record discloses that after disbursements, the receiver had no funds to set aside out of which such payment could be made.

We do not believe that the case of *Morris Plan Life Insurance Company v. Wells, supra,* is authority that would point us to a different conclusion. There, *Morris Plan* was the survivor of a merger with the company that had issued the debenture, was solvent, had a special surplus fund of $66,620.25, and had capital and unassigned surplus of $184,402.84.

Next, appellant maintains that the court erred in holding that the debenture in question is subordinate to the rights of "claimants" as defined by Article 21.39–A, Texas Insurance Code, under the terms and provisions of that article. We cannot agree with this contention.

Article 21.39–A, which is referred to as the Asset Protection Act, requires all insurance companies to maintain free and unencumbered assets in an amount equal to their reserve liabilities and places restrictions on the right of insurers to pledge or hypothecate their assets. The Act proceeds to award "claimants," and as defined, policyholders are "claimants" under the terms of an insurance policy, a prior and preferential claim to all assets of the insurer that have not been pledged, hypothecated, or encumbered according to the terms and limitations of the Act.

Nor can we agree with appellant's contention that Article 21.39–A, passed subsequently to the date on which the debenture in question was executed, is unconstitutional[2] as an impairment of appellant's right to contract. This statute does not impair appellant's right to contract for the reason, as found by the trial court, that the debenture in question is not an obligation of appellee Cattlemen's on par with that company's obligations to its policyholders and other creditors, but is subordinated to the rights of such policyholders and other creditors as a result of the intentions of the parties thereto at the time it was created. This is so because, as found by the trial court, it was the intention of all parties to the transaction that the debenture would not be an obligation of appellee Cattlemen's of a nature which would require them to be carried on its books and records as a liability on equal footing with the liabilities to the policyholders and other creditors of Cattlemen's. It was the intention of these parties that the debenture would be an obligation of a nature which would allow it to be carried on Cattlemen's books and records in its capital and surplus account in the same manner that its capital stock, contributions to capital, contributions to surplus and earned surplus would be carried. All the parties to the transaction knew at the time the debenture was issued that Cattlemen's did not intend to carry it on its books and records as liabilities of the company on par with its liabilities to its policyholders and other creditors.

Having found this, the court concluded that, as a result of these intentions, debenture No. 102 was, as a matter of law, subordinated to the rights of the policyholders and other creditors.

Finally, we reach appellant's contention that the court erred in overruling appellant's motion to strike evidence of the intervenor, Hill Country Life Insurance

---

receiver, unless it can be shown that all of Cattlemen's policyholders and other creditors had actual knowledge of the security interest. Empire offered no pleading or proof on the issue of knowledge. *Columbia International*

*Corp. v. Kempler,* 46 Wis.2d 550, 175 N.W.2d 465 (1970).

2. Tex.Const. Art. I, Sec. 16, and United States Const. Art. I, Sec. 10, cl. 1.

Company, in that one of the attorneys of record in the trial presented a conflict of interest under the Code of Professional Responsibility, DR 5–105 and DR 9–101(B). We overrule this point inasmuch as Empire's counsel waited through a two-day trial until his opponents had rested before moving that all evidence submitted on behalf of appellee Hill Country Life Insurance Company be stricken. We hold that the motion was not made at the proper time and appellant thereby waived any complaints it may have had as to the claimed impropriety of the attorney. *Dickson v. Dickson*, 544 S.W.2d 200 (Tex.Civ.App.1976, writ ref'd w. o. j.).

The judgment of the trial court is in all things affirmed.

Affirmed.

SMITH, J., not sitting.