**GRANT ROAD PUBLIC UTILITY DISTRICT, Appellant,**

v.

**Bennett COULSON, Appellee.**

**No. 01–81–0062–CV.**

Court of Appeals of Texas, Houston (1st Dist.).

July 15, 1982.

Andrew P. Johnson, III, Houston, for appellant.

David M. Gleason, Houston, for appellee.

Before WARREN, BASS and STILLEY, JJ.

OPINION

STILLEY, Justice.

Appeal is taken from a summary judgment for appellee on his suit against appellant on a note. The trial court also granted a writ of peremptory mandamus compelling appellant to pay the judgment out of all lawfully available funds. If such funds were unavailable, bonds were to be issued and sold by appellant. We affirm the judgment.

On May 16, 1979, the appellant issued a bond anticipation note to the appellee. The terms of that note state that it is due and payable "on or before May 15, 1980," but the terms also say it is "payable from the proceeds of sale of bonds ..., provided a sufficient amount of such bonds are approved ... and are sold and paid for." On May 12, 1981, the appellee brought suit against the appellant on the note.

The trial court granted the appellee interlocutory summary judgment on September 17, 1981, and ruled that judgment became final upon the order of severance of the appellant's cross action against a third-party defendant.

In one point of error, the appellant asserts that the trial court erred in ruling that the note was due and payable because the funds from which it was payable did not exist. Appellee urges that this point of error presents nothing for review. Although the appellant did not complain specifically in his point of error of the trial court's action in granting the appellee's motion for summary judgment, this court may consider his argument if it "directs the attention of the court to the error relied upon." Tex.R.Civ.P. 418(d). Since under Tex.R.Civ.P. 422, "a substantial compliance with these rules will suffice in the interest of justice," we will consider the appellant's point of error as complaining of the trial court's action in awarding the appellee summary judgment.

The question on appeal of an order of summary judgment is whether there is

any "issue as to any material fact upon which the outcome of the litigation depends." *In Re Price's Estate,* 375 S.W.2d 900 (Tex.1964). In the case at bar, the only contested issue is the legal interpretation to be given the note in question, and since this is a question of law for the court and not a fact issue on which the outcome of the litigation depends, the trial court's summary judgment was proper if the appellee was entitled as a matter of law to recover on the note. *Town North National Bank v. Broaddus,* 569 S.W.2d 489 (Tex.1978).

■ The appellant argues that issuance, approval, and sale of bonds are conditions precedent to the payment of the note. The appellee asserts that these cannot be conditions precedent since a note is not negotiable if it has conditions precedent to its payment. The appellant counters that the note is made non-negotiable by the limitation of payment out of a particular fund since it is a governmental agency within the meaning of Tex.Bus. & Com.Code Ann. § 3.105 (Vernon 1968), which provides:

(a) A promise or order otherwise unconditional is not made conditional by the fact that the instrument . . .

(7) is limited to payment out of a particular fund or the proceeds of a particular source, if the instrument is issued by a government or governmental agency or unit; . . .

The appellee agrees that the appellant is governed by § 3.105, but he asserts that non-existence of the funds from which payment was promised cannot be asserted as an unfulfilled condition precedent without destroying the negotiability of the note, in violation of the requirements of Tex.Water Code Ann. § 54.304 (Vernon 1972), which requires such notes to be negotiable.

The appellant cites *The City of Seymour v. Municipal Acceptance Corporation,* 96 S.W.2d 814 (Tex.Civ.App.—Dallas 1936, writ dism'd by agr) where a creditor was denied recovery when repayment was restricted to a special fund. As in the instant case, the warrants and executory contract provided for payment at a date certain. Unlike our case, however, *The City of Seymour* note stated "The holder hereof shall never have the right to demand payment of this obligation out of any funds raised or to be raised by taxation." Further, the case was decided entirely under Article 1111–1118, R.S.1925, restricting payment solely out of net revenues.

In the case at bar, the note provides that payment is to be made "from the proceeds of sale of bonds which were voted by the district at an election held on November 16, 1974, *provided* a sufficient amount of such bonds are approved . . . and are sold and paid for" (emphasis added). This language is subject to two interpretations: first, that the note will not become due and payable unless sufficient bonds are sold, and second, that payment is required from some other source if sufficient bonds are not sold. The first interpretation would render the note non-negotiable since it would mean sale of the bonds was a condition precedent to payment. According to *Morris Plan Life Insurance Co. v. Wells,* 387 S.W.2d 84 (Tex.Civ. App.—Fort Worth 1965, no writ):

A provision designating a particular fund out of which payment is to be made is liberally construed in favor of the payee. He is not required to be satisfied from the security only. 9 Tex.Jur.2d 249 § 228.

However, in *Hohenberg Brothers Co. v. George E. Gibbons & Co.,* 537 S.W.2d 1 (Tex.1976), the Supreme Court noted that wording such as "provided" normally indicates an intended condition precedent, rather than a promise. The court went on to say:

However, where the intent of the parties is doubtful or where a condition would impose an absurd or impossible result then the agreement will be interpreted as creating a covenant rather than a condition. *Citizens National Bank in Abilene v. Texas P. Ry. Co.,* supra [136 Tex. 333, 150 S.W.2d 1003 (1941)]; *Phillips v. Western Union Tel. Co.,* 95 Tex. 638, 69 S.W. 63 (1902). This court has on numerous occasions discussed the nature of conditions and covenants and as a general rule has noted that, "Because of their

harshness in operation, conditions are not favorites of the law." *Sirtex Oil Industries, Inc. v. Erigan,* 403 S.W.2d 784 (Tex. 1966). The rule, as announced in *Henshaw v. Texas Natural Resources Foundation,* 147 Tex. 436, 216 S.W.2d 566 (1949), is that:

"Since forfeitures are not favored, courts are inclined to construe the provisions in a contract as covenants rather than as conditions. If the terms of a contract are fairly susceptible of an interpretation which will prevent a forfeiture, they will be so construed."

537 S.W.2d 1, 3.

If the terms of the note in the case at bar are read to create a condition precedent to the payment of the note, the appellant was not obligated to pay on the stated due date, and the summary judgment was incorrect. Since this would mean a forfeiture of the note, the provision requiring payment out of bond proceeds should be read as a covenant rather than a condition. *Hohenberg, supra.* Therefore, we hold the note was due and payable on the date stated on its face.

The judgment is affirmed.