MEMORIAL POINT MUNICIPAL
UTILITY DISTRICT, Appellant,

v.

UNITED SAVINGS ASSOCIATION OF
TEXAS, Appellee.

No. A14–83–022CV.

Court of Appeals of Texas,
Houston (14th Dist.).

Dec. 29, 1983.

Rehearing Denied Jan. 19, 1984.

Janet Marton, Hutchison & Marton, William J. Philbin, Houston, for appellant.

C. Henry Kollenberg, Schlanger, Cook, Cohn, Mills & Grossberg, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and DRAUGHN and ELLIS, JJ.

J. CURTISS BROWN, Chief Justice.

This is an appeal from a summary judgment granted in favor of United Savings Association. We reform the judgment of the trial court, and, as reformed, we affirm.

In 1976, Southwestern Savings Association, developer of the property served by appellant (and predecessor in interest to United Savings Association) ("Developer"), offered to loan $38,000 to Memorial Point Utility District ("District"). Appellee made its offer in an attempt to keep the ad valorem tax rate as low as possible in the district. The loan was predicated upon appellant's agreement to establish the tax rate in accordance with the Developer's specifications. The promissory note states, in pertinent part:

> On or before five (5) years from date, for value received, the undersigned Municipal Utility District promises to pay (out of funds of said District anticipated to be on hand and available for such purpose prior to that date) to Southwestern Savings Association, Houston, Texas, doing business as Memorial Point, or order, the sum of Thirty Eight Thousand Dollars ($38,000), with interest thereon from the date hereof until maturity at the rate of ten percent (10%) per annum...

Upon maturity of the promissory note in November 1981, the District did not have funds available in its net operating revenue account with which to pay the indebtedness. The Developer sued the District, and the trial court granted Developer's motion

for summary judgment from which the District has perfected this appeal.[1]

In two points of error, appellant claims the trial court erred in granting summary judgment in favor of Developer, and in creating a general obligation on the District to pay the monies owed.

Appellant argues that payment of the note was subject to a condition precedent, i.e. that funds must be available for repayment of the loan prior to its maturity on November 23, 1981. Therefore, since there were no available funds with which to pay the debt on or before November 23, the District's obligation on the note was extinguished. We cannot support this contention.

In *Hohenberg Brothers Co. v. George E. Gibbons & Co.*, 537 S.W.2d 1 (Tex.1976), our Supreme Court discussed the nature of conditions and covenants, and noted that because of the harshness of forfeitures, the courts make every effort to construe contractual provisions as covenants rather than conditions. The court also stated:

> While no particular words are necessary for the existence of a condition, such terms as "if", "provided that", "on condition that", or some other phrase that conditions performance, usually connote an intent for a condition rather than a promise. In the absence of such a limiting clause, whether a certain contractual provision is a condition, rather than a promise, must be gathered from the contract as a whole and from the intent of the parties. *Id.* at 3.

In the case at bar, the note provides that payment is to be made "out of funds of said District anticipated to be on hand and available for such purpose prior to that date." TEX. WATER CODE ANN. § 54.-303 (Vernon 1972) sets out the requirements for a municipal utility district in issuing notes. Section 54.303(a) provides:

> (a) The board, without the necessity of an election, *may borrow money on negotiable notes of the district* to mature

over a term of not more than 20 years and to bear interest at a rate not more than 10 percent a year to be paid solely from the revenues derived from the ownership of all or any designated part of the district's works, plant, improvements, facilities, or equipment after deduction of the reasonable costs of maintaining and operating the facilities. (Emphasis added.)

If the availability of funds were a condition precedent to payment of the note by the District, the note would be non-negotiable. Section 54.303 requires that the note be negotiable. We do not believe the District intended to issue a note in direct contravention to the statute governing such matters. Therefore, we read the provisions of the note set out above as a covenant, not a condition precedent.

However, appellant is correct in stating that the court erred in granting a judgment creating a general obligation on the District for payment of the note. Section 54.303(b) provides:

> (b) The notes may be first or subordinate lien notes within the discretion of the board, but no obligation may ever be a charge on the property of the district or on taxes levied or collected by the district *but shall be solely a charge on the revenues pledged for the payment of the obligation.* No part of the obligation may ever be paid from taxes levied or collected by the district (Emphasis added.)

This provision clearly limits the source of repayment of the debt to revenues, and no general charge upon the district is permitted. Nevertheless, we believe appellee is entitled to judgment on the note in conformity with TEX. WATER CODE ANN. § 54.303, obligating the District to pay the debt, if and when there are funds lawfully available for payment.

In *Grant Road Public Utility District v. Coulson*, 638 S.W.2d 616 (Tex.Civ.App.—Houston [1st Dist.] 1982, no writ), the court

---

**1.** The Attorney General for the state of Texas has filed an *amicus curiae* brief in support of appellant.

addressed the same issues presented in the instant case, but with respect to bond anticipation notes under § 54.304 of the Water Code. In *Grant Road,* appellee Coulson sued Grant Road Public Utility District (appellant) on a promissory note. The note in dispute provided that payment was to be made "from the proceeds of the sale of bonds ... provided a sufficient amount of such bonds are approved ... and are sold and paid for." The trial court granted appellee's motion for summary judgment, and ordered the utility district to issue and sell additional bonds to pay the judgment, if no funds were available at that time. The First Court of Appeals affirmed.

We believe *Grant Road* can be distinguished from the present case. Disposition of the former case was governed by Section 54.304 of the Water Code which sets out the requirements for issuing bond anticipation notes. The case before this court is controlled by Section 54.303, which clearly states that one may only look to revenues for repayment of a note such as the one in issue. Section 54.304 contains no such limitations.

Therefore, we reform the judgment of the trial court to provide that it is to be paid solely from net operating revenues of Memorial Point Utility District, if and when they accrue.

The judgment is affirmed, as reformed.