Dr. Salvador ORTIZ, M.D., and Wife,
Jennifer Ortiz, Appellants,

v.

Bob J. SPANN and Wife, Dorothy
Spann, Appellees.

No. 13–83–106–CV.

Court of Appeals of Texas,
Corpus Christi.

March 15, 1984.

Rehearing Denied May 10, 1984.

Second Motion for Rehearing Overruled
May 31, 1984.

William D. Bonilla, Bonilla, Read, Bonilla & Berlanga, Inc., Corpus Christi, for appellants.

Bob J. Spann, Spann & Smith, Corpus Christi, for appellees.

Before NYE, C.J., and BISSETT and YOUNG, JJ.

## OPINION

NYE, Chief Justice.

This is an appeal from a summary judgment granted in favor of appellees, Bob J. Spann and wife, Dorothy Spann.

Appellants and appellees are owners of adjacent properties located in Nueces County, Texas. It is undisputed that three mature oak trees are located entirely upon appellees' property. The branches and limbs of these trees extend over the designated boundary line between the two residences and encroach onto appellants' property. Appellees initially brought suit on June 7, 1978 for injunctive relief, temporary and permanent, to protect the status quo and preserve the branches and foliage of the trees that extended onto appellants' property. This Court previously affirmed the trial court's granting of a temporary injunction prohibiting appellants (defendants) from cutting or trimming the oak trees allegedly belonging to appellees (plaintiffs). *Ortiz v. Spann,* 586 S.W.2d 560 (Tex.Civ.App.—Corpus Christi 1979, writ ref'd n.r.e.). Subsequently, the trial court, hearing motions for summary judgment filed by both parties, granted a permanent injunction prohibiting appellants from trimming or otherwise damaging the overhanging limbs, branches and foliage of the three oak trees, and further enjoined appellees, after notice from appellants, from maintaining any overhanging limbs, branches or foliage of said trees lower than seven (7) feet from the natural ground level of appellants' property.

Appellants assert four points of error on appeal. First, we will address appellants' claim that the trial court erred in granting (in part) appellees' motion for summary judgment because appellees did not show as a matter of law that an easement appurtenant exists in favor of appellees' property for the continued encroachment over and upon appellants' property.

The movant for summary judgment has an onerous burden. He has the burden of showing that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law. *Town North National Bank v. Broaddus,* 569 S.W.2d 489 (Tex.1978); *Gibbs v. General Motors Corp.,* 450 S.W.2d 827 (Tex.1970);

*Manges v. Astra Bar, Inc.,* 596 S.W.2d 605 (Tex.Civ.App.—Corpus Christi 1980, no writ). All elements of a cause of action or defense must be conclusively proven as a matter of law. *City of Houston v. Clear Creek Basin Authority,* 589 S.W.2d 671 (Tex.1979). In a summary judgment, unlike an ordinary trial on the merits, the Court must view all of the evidence in favor of the non-moving party. In deciding whether or not there is a disputed fact issue precluding summary judgment, evidence favorable to the non-movant will be taken as true. *Wilcox v. St. Mary's University of San Antonio,* 531 S.W.2d 589 (Tex.1975). Every reasonable inference must be indulged in favor of the non-movant and any doubts resolved in their favor. *Wilcox v. St. Mary's University of San Antonio,* 531 S.W.2d at 592–593.

■ We note at the outset that the trial court did not specify whether the alleged easement was created by implication, which may arise by grant or reservation, or by prescription.[1] While the parties have addressed both theories, appellants' denial of an easement in favor of appellees focuses on the elements for the establishment of an implied easement by reservation.

■ In order to establish an implied easement appurtenant, meaning an easement interest which attaches to the land and passes with it, it was incumbent upon the appellees as the party claiming such easement to prove all of the following essential elements:

(1) That there was originally a unity of ownership of the dominant estate and the servient estate;

(2) that the use was apparent at the time of the grant;

(3) that the use of the easement was continuous so that the parties intended its use to pass by grant; and

(4) that the easement must be reasonably necessary to the use and enjoyment of the dominant estate.

*Bickler v. Bickler,* 403 S.W.2d 354, 357 (Tex.1966); *Drye v. Eagle Rock Ranch, Inc.,* 364 S.W.2d 196, 207–208 (Tex.1962); *Westbrook v. Wright,* 477 S.W.2d 663, 665–66 (Tex.Civ.App.—Houston [14th Dist.] 1972, no writ). The requirements for the establishment of such an easement by implication must be strictly adhered to. *Exxon Corp. v. Schutzmaier,* 537 S.W.2d 282 (Tex.Civ.App.—Beaumont 1976, no writ); *Westbrook v. Wright,* 477 S.W.2d at 665–66; *Johnson v. Faulk,* 470 S.W.2d 144, 148 (Tex.Civ.App.—Tyler 1971, no writ).

Appellees' summary judgment proof consisted of various affidavits and recorded instruments (i.e., deeds and plats) which, according to appellees, show as a matter of law that an easement exists in favor of their property for the continued existence and growth of the overhanging limbs, foliage and branches of the three oak trees. The summary judgment proof established the first of four essential elements of an implied easement appurtenant, i.e., that there was originally a unity of ownership of the dominant estate and the servient estate. Appellants admitted in their answer that appellees and appellants have a common source of title and that no material issues of fact exist as to this issue. Appellees' summary judgment motion, supported by the attached copies of warranty deeds established a source of ownership.[2]

Appellees stated that the London Estate conveyed the property on November 16,

---

1. An easement by prescription is acquired by a use that is open and notorious, or with knowledge and acquiescence on the part of the owners of the servient tenant, together with a use that is adverse, exclusive, uninterrupted and continuous for a period of more than ten years. *Elliott v. Elliott,* 597 S.W.2d 795 (Tex.Civ.App.—Corpus Christi 1980, no writ); *City of Corpus Christi v. Krause,* 584 S.W.2d 325 (Tex.Civ.App.—Corpus Christi 1979, no writ); *Davis v. Carriker,* 536

S.W.2d 246 (Tex.Civ.App.—Amarillo 1976, writ ref'd n.r.e.).

2. "In October of 1947, F.E. London and wife acquired from W.R. Montgomery and wife, Lots One (1), Two (2) and Three (3), Block Thirty-Four (34), Del Mar Addition, and acquired from A.D. Corgey Lot Four (4) and East 10.91 feet of Lot Five (5), Block Thirty-Four (34). Within a few days after that, F.E. London and wife con-

*1970 to Joseph J. Schultz and wife, Marga-ret.* However, no deed or other recorded instrument regarding this particular conveyance was included in the record on appeal as such and may not be considered as proper summary judgment evidence. Appellees' summary judgment proof did establish that Joseph J. Schultz and wife conveyed the property known as 502 Del Mar, Corpus Christi, to appellees on April 15, 1976. Appellants acquired the Cooke property known as 510 Del Mar, Corpus Christi, on January 11, 1978.

Included as part of the summary judgment evidence was the affidavit of Henry E. Faseler, the son-in-law of L.P. Cooke. Faseler testified, by affidavit, that he began to manage the Cooke Farms in 1947; and when Cooke built and moved into the property at 510 Del Mar, now owned by appellants, he did the yard work with help from the farm hands. He stated that, at the time he began to take care of his father-in-law's property, there were some oak trees along the edge of the London lot that were overhanging the boundary line onto the Cooke property. Faseler testified that Cooke told him of an agreement with London that all that would be done to maintain those trees on the property line would be to simply cut the limbs that were too low to get under to mow. Faseler further testified that he continued to take care of the Cooke property from 1947 until Cooke died in 1967 and, after that, for his mother-in-law, Nellie Alva Cooke, until the property was sold to appellants in 1978. He explained that they continued to follow the same practice concerning the trees throughout this time period involving the various owners. Finally, Faseler testified that he personally was not aware of any dispute or complaint over the oak trees while he maintained the Cooke property. He said that, in his opinion, the trees, as maintained, are valuable and beneficial to both residences.

Appellees also included the affidavits of Laura Frances Cooke Faseler, James Klager, and appellee, Bob J. Spann. In her affidavit, Laura Frances Cooke Faseler, daughter of L.P. Cooke and wife, Nellie Alva Cooke, testified that, at the time her father acquired the property at 510 Del Mar from London, the three oak trees were growing on London's property and hanging over on Cooke's property. She testified, based upon her personal knowledge, that, from 1947 up until the time the estate sold the property, her parents recognized the trees were overhanging the property line and that they wanted them to continue growing naturally.

James Klager testified by affidavit that he grew up in the Del Mar neighborhood. Klager testified that he remembered seeing the planting of the oak trees around the house at 502 Del Mar sometime in 1941. Klager concluded that the trees presently standing between 502 and 510 Del Mar are the same trees he saw planted when he was a boy.

Bob J. Spann also testified by affidavit as an interested party. Spann's testimony primarily rebutted appellants' (defendants') allegations.

Appellants, on the other hand, contend by way of their Motion for Summary Judgment that they are entitled to judgment as a matter of law because appellees failed to state a recognizable cause of action. We disagree. Appellants' (defendants') motion affirmatively negated appellees' (plaintiffs') cause of action by alleging the lack of an easement for and on behalf of appellees. Appellants claim in their attached statement of facts made by Dr. Ortiz that it is clear that, during the time period at issue, the growth of the oak trees has been permissive in nature by appellants and their predecessor in title. Summarizing appellants' contentions on appeal is their ar-

---

veyed to L.P. Cooke Lot Four (4) and the East 10.91 feet of Lot Five (5) and a few days later also conveyed to L.P. Cooke the West portion of Lot Three (3) and retained the East 14.4 feet of

Lot Three (3), thereby creating the boundary line between the present residences of the appellees and appellants."

gument that the maximum interest that could be claimed by appellees in appellants' property is a license which has been effectively revoked by appellants. Dr. Ortiz, appellant, testified to the various ways in which the branches extending over and above the property line deprive appellants of the full use and enjoyment of their property. Dr. Ortiz also pointed out the various instances in which the encroaching branches allegedly damage their property.

Numerous exceptions, motions in opposition and specific denials were filed by the parties. The trial court ruled on some of them. At most, there was a swearing match on most of the facts, the result of which would be best determined by a trial to the jury. Even though the appellants have failed to point out to us specific fact questions which allegedly exist on specific issues that are material to this cause of action as required by Rule 418, Tex.R. Civ.P.;[3] appellees did not meet their burden of demonstrating a lack of a genuine issue of material fact and, therefore, all doubts are resolved against them. *City of Houston v. Clear Creek Basin Authority,* 589 S.W.2d at 678. While the summary judgment evidence indicates that the "use was apparent at the time of the grant," the evidence is not clear as to the parties' intent that the use be continuous and that the use of the easement, as maintained, is reasonably necessary to appellees' enjoyment of their property. These are fact issues that must be presented to the fact finder as the law so provides.

■ Reading the summary judgment proof of both parties in light of the standard previously set out, we hold that there is a fact issue as to whether there exists an easement appurtenant, implied or prescriptive, in favor of appellees' property for the continued encroachment of the three oak trees onto appellants' property. Appellees must establish by competent evidence all of the elements of an implied easement appurtenant or the elements of a prescriptive easement, whichever right the facts justify. Appellants' first point of error is sustained.

■ In point of error number two, appellants contend that the trial court erred in not finding that the trees located on appellees' property constituted a nuisance as to appellants. Both appellants and appellees admit in their respective summary judgment evidence that a stipulation eliminating claims for damages was filed on March 1, 1982. Appellees stated in their Motion that the parties agreed that the issues would be confined to the "rights and claim of the Plaintiffs that their trees may extend over the property line and the claims and rights asserted by the Defendants to limit or prevent the extension of limbs or portions of the trees over the property lines." Appellants denied these additional allegations in their Answer, stating further that "such stipulation speaks for itself." The stipulation was not brought forward in the record on appeal. We hold, however, that because the parties apparently agreed on the submission of one issue to the trial court (i.e., the specific property rights claimed by the movants) and its ruling on that issue constituted the basis of the granting of the motion for summary judgment, appellants are precluded from urging on appeal the issue not presented, i.e., the trees constitute a private nuisance as to appellants. *City of Houston v. Clear Creek Basin Authority,* 589 S.W.2d 671, 675 (Tex.1979). Appellants' second point of error is overruled.

■ In points of error numbers three and four, appellants contend that the trial court erred by not applying the common law to the facts of the case in order to find that appellants had an absolute right to trim the

---

**3.** *See Garcia v. Ray,* 556 S.W.2d 870 (Tex.Civ. App.—Corpus Christi 1977, writ dism'd); *Daniels v. Shop Rite Foods, Inc.,* 502 S.W.2d 894 (Tex.Civ.App.—Corpus Christi 1973, writ ref'd n.r.e.); *Cotten v. Republic Nat'l Bank of Dallas,* 395 S.W.2d 930 (Tex.Civ.App.—Dallas 1965, writ ref'd n.r.e.).

encroaching branches. In this regard, appellants rely on their arguments of a nuisance as set forth in point of error number two in asserting that the limitation of any right to trim is violative of their common-law property rights. While the affidavit of appellant, Dr. Ortiz, does point out the issue of damages to appellants' property, the issue of an absolute right to trim the encroaching branches has never been clearly presented to the trial court and will not be considered on appeal. *See City of Houston v. Clear Creek Basin Authority,* 589 S.W.2d at 675. Appellants' third and fourth points of error are overruled.

The judgment of the trial court is reversed, and the cause remanded for a trial on the merits. The temporary injunction previously granted by the trial court and affirmed by this Court of Appeals shall remain in effect until a final judgment on the merits is obtained.

REVERSED AND REMANDED.

## OPINION ON MOTION FOR REHEARING

On March 15, 1984, this Court entered an order reversing the judgment of the trial court and remanding the cause for trial on the merits. This order was in response to an appeal from a summary judgment granted (in part) in favor of appellees.

On Motion for Rehearing, appellees contend initially that the judgment should be affirmed because appellants failed to point out to this Court specifically, by point of error, fact questions which exist on specific issues material to this case, pursuant to TEX.R.CIV.P. 418. Appellants did not complain specifically in their point of error number one of the trial court's action in granting appellees' motion for summary judgment. However, we properly considered their point of error because their arguments sufficiently directed the attention of the Court to the error relied upon. TEX.R.CIV.P. 418(d). Since under TEX.R. CIV.P. 422, "a substantial compliance with

these rules will suffice in the interest of justice," we found appellants' point of error to complain of the trial court's action in granting appellees' summary judgment because appellees did not establish as a matter of law that an easement appurtenant, either implied or prescriptive, exists in favor of appellees' property for the continued encroachment over and upon appellants' property. *See Grant Road Public Utility District v. Coulson,* 638 S.W.2d 616 (Tex. App.—Houston [1st Dist.] 1982, no writ).

Next, appellees contend on motion for rehearing that, absent a specific point of error, appellants are not entitled to rely generally upon the ground of insufficient summary judgment proof to support summary judgment. This contention is also without merit. It is well settled that the question on appeal, as well as in the trial court, is not whether the summary judgment proof raises fact issues with reference to the essential elements of a plaintiff's cause of action, but is whether the summary judgment proof establishes as a matter of law that there is no genuine issue of fact as to one or more of the essential elements of the plaintiffs' cause of action. *Gibbs v. General Motors Corp.,* 450 S.W.2d 827 (Tex.1970). The motion for summary judgment will stand or fall on the grounds specifically set forth in the motion(s). The movant for summary judgment has the burden of showing that he is entitled to judgment as a matter of law. *Town North National Bank v. Broaddus,* 569 S.W.2d 489 (Tex.1978); *Wilcox v. St. Mary's University of San Antonio,* 531 S.W.2d 589 (Tex.1975). This was not done in this case.

Appellees contend additionally that it is the duty of this Court to sustain the judgment of the trial court on any ground supported by the summary judgment record since the judgment below was general and not specific in granting recovery. Appellees approached the trial court on a variety of recognized easement theories, and attempted to persuade this Court that the

record is sufficient to support the trial court's judgment on any or all of these various easement theories.[1]

■ We recognize the general principle that an appellate court should affirm the judgment of the trial court if it can be upheld on any legal theory that finds support in the evidence. *Gulf Land Co. v. Atlantic Refining Co.*, 131 S.W.2d 73, 84 (Tex.1939); *Miller v. Soliz*, 648 S.W.2d 734 (Tex.App.—Corpus Christi 1983, no writ); *Ross v. Walsh*, 629 S.W.2d 823 (Tex.App.—Houston [14th Dist.], no writ). However, we are not required, nor are we inclined, to review by process of elimination on the many easement theories presented by appellees which are not supported by the summary judgment evidence in the record.

This case must be reversed and the cause remanded for a trial to the jury. Regardless of which easement theory appellees may proceed on, there remains, among the other fact issues, questions of fact concerning the rights and duties incident to the easement use; i.e., what may be considered a proper and reasonable use, as well as what may be reasonably necessary to the easement owners' beneficial use and enjoyment, such as will not injuriously increase the burden on the servient owner. *See* 31 Tex.Jur.3d, Easements & Licenses in Real Property sec. 43–49.

Appellees' motion for rehearing is overruled.

BISSETT, J., not sitting.

---

**1.** Appellees contended the trial court's judgment should be affirmed upon appellees' summary judgment allegations and proof that there exists an easement created by (1) express agreement (i.e., express grant); (2) by implication; (3) by estoppel; or (4) by prescription. Appellees also presented arguments on correlative rights as a means of denying appellants' claim of a legal right to trim the overhanging branches.