Bennett COULSON, Appellant,

v.

HARRIS COUNTY MUNICIPAL UTILI-
TY DISTRICT NO. 29, Appellee.

No. A14–83–826CV.

Court of Appeals of Texas,
Houston (14th Dist.).

Sept. 13, 1984.

C. Charles Dippel, Houston, for appellant.

J. Ron Young, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and ROBERTSON and DRAUGHN, JJ.

J. CURTISS BROWN, Chief Justice.

On January 19, 1973, Coulson & Associates Engineers, Inc., entered into a contract to develop plans, specifications, surveys, and drawings for the construction of a water and sanitary sewer system. On February 27, 1974, the board of Utility District No. 29 (District or appellee) approved the plans and decided to present it to the voters of the District in the form of a bond issue. The issue was to cover the

cost of construction. On April 6, 1974, the voters of the District approved the issue.

There has never been an election in the District for approval of a levy of taxes, other than the initial bond election. The only tax authorized by the voters has been for retiring bonds to be sold.

The District has been unable to get the Texas Department of Water Resources to approve the bond issue, and consequently has been unable to sell the bonds. Apparently, the District cannot get approval because its property is considered to be of insufficient value.

Coulson & Associates secured a default judgment of $165,867.19 against the District for services rendered. They assigned this judgment to Bennett Coulson (Coulson or appellant). The judgment commanded the District, by peremptory mandamus, to pay the amount. When the District was unable to pay the judgment, Coulson sought a contempt order, and a mandamus to compel levy of taxes. On November 14, 1983, Coulson received an order denying the motion for contempt and ordering the District to pay the judgment "... if and when District levies taxes..."

Coulson appeals directly from the denial of his request for mandamus, and alternatively seeks a mandamus by original proceeding ordering the trial judge to order the levy of taxes. The direct appeal and the request for mandamus are consolidated in this action. In one point of error Coulson asserts the trial court abused its discretion by refusing to enforce the default judgment.

This case is nearly identical to *Brady v. Hidalgo Water District*, 127 Tex. 123, 91 S.W.2d 1058 (1936). In *Brady* an employee was hired by a water district with the understanding he would be paid from a fund created by the sale of construction bonds. The bonds were never sold, and no fund was created. The Supreme Court ruled that, in the absence of a maintenance fund, Brady was not entitled to writ of mandamus to compel levy and collection of taxes. *Brady*, 91 S.W.2d at 1059.

The record in the present case does not disclose whether Coulson & Associates had agreed to be paid from the construction fund. However, under the sequence of events, this is the only potential source of payment approved by the voters of the district. Since this fund was not created, a tax to pay the judgment cannot be levied without the approval of the voters in the District, or without the existence of a maintenance fund approved by the voters. *Austin Mill & Grain Co. v. Brown County Water District*, 128 S.W.2d 829, 831 (Tex. Civ.App.—Austin 1939), *aff'd*, 135 Tex. 140, 138 S.W.2d 523 (1940); *Harris County Flood Control District v. Mihelich*, 525 S.W.2d 506, 510 (Tex.1975). There was no maintenance fund approved by the voters of District No. 29. The order of the trial court stating conditional terms of enforcement was correct.

In two cross-points of error the District asserts the default judgment was void and unenforceable, and that a mandamus order cannot be conditional.

In its first cross-point of error, appellee contends the default judgment is void on its face. The judgment recites that "the Defendant was duly served by serving the President of its Board of Directors." Appellee argues that Chapter 54 of the Texas Water Code requires service on two directors to be adequate. On its face the judgment is valid. Appellee's attack is based on extraneous facts, and is consequently collateral. Collateral attacks on apparently valid judgments can only be obtained by bill of review. *McEwen v. Harrison*, 162 Tex. 125, 345 S.W.2d 706, 710 (Tex.1961). Appellee's cross-point is overruled.

Appellee next contends that a public official cannot be ordered by mandamus to act until he has an unconditional duty to do so. However, the fiscal provisions of the Texas Water Code give utility districts broad discretion in the management of debt structure. TEX.WATER CODE ANN. §§ 54.301–54.312 (Vernon 1972). Accordingly, a mandamus order which requires a

728

municipal utility district to pay a debt if and when the funds are lawfully available is appropriate. We recently approved such an order in *Memorial Point Municipal Utility District v. United Savings Ass'n of Texas*, 666 S.W.2d 203, 204 (Tex.App.— Houston [14th Dist.] 1983, no writ). Appellee's cross-point is overruled.

Appellant's point of error is overruled. Appellee's cross-points of error are overruled. Appellant's request for mandamus is denied without prejudice to enforcement of his judgment if and when funds become available, or in the event the voters of the District authorize an appropriate tax levy. The judgment and the order of the trial court are affirmed.